## 37677. SAPP *v.* THE STATE.

DECIDED MAY 19, 1959—REHEARING DENIED JUNE 4, 1959.

*Bloch, Hall, Groover & Hawkins,* for plaintiff in error.

*Clarence H. Clay, Jr., Solicitor, Harry F. Thompson, Assistant Solicitor,* contra.

CARLISLE, Judge. The defendant in this case was tried and convicted in the City Court of Macon under an accusation charging him with the offense of unlawfully and knowingly selling to a named purchaser more than two quarts of whisky on one day in violation of the provisions of Section 29 of the Act approved February 3, 1958, commonly called the "Revenue Tax Act to Legalize and Control Alcoholic Beverages and Liquors" (Ga. L. 1937-38, Ex. Sess., pp. 103, 124; Code, Ann., § 58-1080). Said accusation charged that the defendant "being an employee of Paul Fowler, trading as Riverside Liquor Store, a retail licensee, authorized to sell distilled spirits and alcoholic beverages at retail at 59 Fifth Street, in Macon, Bibb County, Georgia, did, while acting at said time and place for said retail licensee and in the scope of his employment as an employee as aforesaid, unlawfully and knowingly sell to a purchaser, . . . more than two quarts in one day . . . the said purchaser not being the holder of a manufacturer's distiller's license, nor a wholesale licensee, nor a retail licensee." The defendant filed general and special demurrers to the accusation which were overruled and the case was tried by the Judge of the City Court of Macon upon stipulated facts that the defendant sold the liquor described in the accusation at the place alleged; that the defendant was an employee of Paul Fowler, trading as Riverside Liquor Store; that Paul Fowler was a retail liquor licensee authorized to sell distilled spirits and alcoholic beverages; that at the time of the sale the defendant was the sole employee in the place of business and was in charge of the place of business; that there was no evidence that Paul Fowler, the retail liquor

licensee, authorized the sale or knew of it or subsequently ratified it; and, that the defendant Oscar Sapp is not a retail liquor licensee.

The sole contention of the plaintiff in error is that the wording of Section 29 of the Act is such that only the actual holder of a retail license, that is, a "retail licensee," may be guilty of the offense of willfully and knowingly selling more than two quarts per day to any one person, and that since the defendant was alleged by the accusation and shown by the stipulation of facts not to be the holder of a license that he is not made liable to punishment on account of his willfully and knowingly selling more than two quarts per day to any purchaser. This contention is not meritorious. As was said by Judge MacIntyre in *Bienert* v. *State*, 82 *Ga. App.* 179, 180 (60 S. E. 2d 575), speaking for the Court of Appeals, "Georgia as a whole is a dry State and the general prohibition law as contained in Code §§ 58-101, 58-102, et seq., generally known as the 'bone dry' law, is in force and effect in every county of the State unless the prohibited liquors have been legalized by statute or statute and election held in conformity with the statute in the individual counties. Prior to the effective date of the Act of 1937-38 (Ga. Laws, 1937-38, Ex. Sess., p. 103) the sale of distilled spirits and whisky was a violation of the prohibition law. Bibb County, the county in which the crime was alleged to have been committed had held, under the provisions of the Act of 1937-38 (Ga. Laws, 1937-38, Ex. Sess., p. 103), an election and the county had voted 'wet'; that is it had voted to legalize and control in such wet county the liquors described in the act; and, distilled spirits and whisky, being described in the act, are some of the liquors which are legalized and controlled by the provisions of the act." But, after such an election, sales of the described liquors may be made only in strict accordance with the provisions of the act.

The act authorizes the sale of alcoholic beverages and liquors but authorizes such sale only by one licensed in accordance with the law in a county which has approved by referendum the sale of such beverages. Code (Ann.) § 58-1002. It declares that the sale of liquor is a privilege and not a right (Code, Ann.,

§ 58-1068), and it makes a wilful and knowing sale of more than two quarts a day to any one purchaser by a retail licensee a misdemeanor. Code (Ann.) § 58-1080.

"Retail licensee" is not defined by Section 5 of the act (Code, Ann., § 58-1011), but the words "Retailer" or "Retail Distributor" are defined by paragraph (f.) of that section as being "any person, firm, or corporation engaged in selling, at retail, any distilled spirits or alcohol, for beverage purposes, in unbroken packages." We hold that this definition is synonymous with the words "Retail licensee" as used in Section 29 (Code, Ann., § 58-1080), since one cannot engage in such activity in this State except as a licensee, and since the defendant in this case was obviously engaged in selling at retail distilled spirits under the stipulations of fact in the case, he was within both the letter and the spirit of the law and subject to the restrictions thereof. If he were not so engaged as a licensee or holder of a retail or wholesale liquor license, then he was violating the law in everything he did in this connection, not just in selling more than two quarts per day to the same person. But, it is common knowledge that holders of such licenses engage the services of employees to assist them in carrying on their business, or to operate the business for them. Reasonable construction of the act requires the conclusion that the General Assembly intended that such employees of licensees be in all respects subject to the protection of their employer's license and at the same time bound by the restrictions of the law applicable to the holder of such license. If this employee had been charged with the broader offense of selling liquor without a license instead of the charge here under consideration, he most certainly would have asserted his privilege of being engaged in his occupation by reason of his employer's license. It takes no unreasonable or unwarranted speculation on the part of this court to so conclude. He cannot, therefore, claim the protection of his employer's license as to his general activity and in the same breath say that he is not subject to all the restrictions placed by the law upon that general activity as to the named holder of the license. As thus engaged the defendant was a "licensee" within the meaning of the law.

In reaching the foregoing conclusions, we, of course, are not unmindful of the rule of strict construction of criminal statutes. "We agree to all the generalities about not supplying criminal laws with what they omit, but there is no canon against using common sense in construing laws as saying what they obviously mean." Roschen *v.* Ward, 279 U. S. 337, 339 (49 S. Ct. 336, 73 L. Ed. 722). While criminal laws are to be construed strictly, they are not to be construed so strictly as to defeat the obvious intention of the legislature. United States *v.* Wiltberger, 18 U. S. (5 Wheaton) 76, 95.

It follows that the trial court did not err in overruling the general demurrer to the accusation and in thereafter entering a verdict and judgment finding the defendant guilty under the stipulations of fact.

*Judgment affirmed. Gardner P. J., and Townsend, J., concur.*