## 38048. GOOD v. TRI-CEP, INC.

WELTNER, Justice.

The parties signed a contract on May 31, 1979, for the sale of real property to appellant Good. Attached was a "Work Sheet" setting out details pertaining to the construction of a house to be erected on the property by appellee Tri-Cep, Inc. (Tri-Cep). The house was not finished by the closing date, and upon completion of the residence Tri-Cep refused to close. Good brought this action seeking specific performance, damages, and other relief.

The trial court granted Tri-Cep's motion for partial summary judgment, finding that the documents entered into between the parties, as supplemented by the course of performance by the parties did not create a contract of sufficient specificity to render it capable of specific performance, and that there was no tender by Good to Tri-Cep.

1. We find that the contract sued upon is sufficiently definite and certain to sustain an action for specific performance.

It is manifestly impossible to spell out every detail in a construction contract. The contract of sale and the accompanying work sheet were supplied and completed by Tri-Cep. The work sheet specified a "House Plan," designated by a numerical code; other details were supplied, and an officer of Tri-Cep testified that it was their practice to fill in any omissions during the course of construction.

Tri-Cep argues that the contract expired upon the passing of the closing date. Good's checks were delivered to and negotiated by Tri-Cep after the original closing date, which raises an issue of fact as to whether the parties waived the time of performance. *Perry Dev. Corp. v. Colonial Contr. Co.,* 231 Ga. 666 (4) (203 SE2d 475) (1974).

In addition, these checks, combined with notations made on the work sheet and initialed by an officer of Tri-Cep, are a sufficient writing with respect to minor modifications made in the design and construction of the house during the course of construction to satisfy

the Statute of Frauds. See Code Ann. § 20-401.

The house has been completed and a decree of specific performance would require little or no supervision by the trial court. Thus, what is often a principal obstacle to specific performance of construction contracts is not present. See 164 ALR 802, anno., p. 808 et seq.; 38 ALR3d 1052, anno., § 5.

2. Tri-Cep contends the action must fail for want of tender, under § 20-1105. Good alleged in his complaint that on or about September 11, 1979 an agent of Tri-Cep came to his house and informed his wife that Tri-Cep considered the contract void for failure to close on the date specified and that Tri-Cep would not honor the contract. He made a similar allegation by affidavit, and stated in a deposition that he had no opportunity to make tender. " '[T]ender by the vendee before suit is excused if the vendor, by conduct or declaration, proclaims that if a tender should be made, acceptance would be refused.' " *Banks v. Harden,* 221 Ga. 505, 507 (145 SE2d 563) (1965), quoting *Fraser v. Jarrett,* 153 Ga. 441 (3) (112 SE 487) (1922). Accordingly, a factual issue is presented as to waiver of tender, and the grant of partial summary judgment was error. The case is therefore remanded for further proceedings consistent herewith.

*Judgment reversed. All the Justices concur.*

DECIDED JANUARY 5, 1982.

*Sam G. Dickson,* for appellant.
*J. Ed Segraves, William E. Zachary, Jr.,* for appellee.