## 43893. O'BRIEN et al. v. DeKALB COUNTY.
(353 SE2d 31)

PER CURIAM.

O'Brien and Smith, employees of an apartment management company, were prosecuted, convicted, and fined pursuant to DeKalb County fire ordinances for failing to meet fire code regulations. They challenge the constitutionality of the ordinance as applied and on its face.

Two ordinances are involved. Section 4-3002 of the DeKalb County Code provides: "It shall be unlawful for *any person* to violate this article, to permit or maintain such a violation, to refuse to obey any provision thereof, or to fail or refuse to comply with any such provision or regulation, except as variation may be allowed by the action of director of public safety in writing. Proof of such unlawful act or failure shall be deemed prima facie evidence that such act is that of the *owner or other person in control of the premises.* Prosecution or lack thereof of either *the owner, occupant, or the person in charge* shall not be deemed to relieve any of the others." (Emphasis supplied.) Section 4-3018 states "*[a]ny person* who shall violate any of

the provisions of the fire prevention code hereby adopted; or shall fail to comply therewith . . . shall severally for each and every violation and noncompliance, respectively, be guilty of a misdemeanor punishable by a fine of not more than five hundred dollars ($500.00), or by imprisonment for not more than thirty (30) days, or by both such fines and imprisonment." (Emphasis supplied.)

Section 4-3002 states that a violation of the fire prevention provisions is prima facie evidence that the person in control of the premises is responsible.[1] Ordinance 4-3018 allows any person who violates the provisions to be prosecuted.

1. The county enforces its ordinances against "the owner, occupant, or other person in charge" or "person in control of the premises." The county contends that these two employees were "persons in charge" or "persons in control." O'Brien and Smith insist that they are not "in control" — as a matter of fact, or for purposes of the enforcement of Section 4-3018.

2. We construe the ordinance to allow prosecution of "persons in control" and "persons in charge." We note that the parties rely on federal precedents holding corporate presidents and other corporate officers who stand in "responsible relationships" within the corporation may be held to criminal liability for violations of regulations that would create a public danger. See, e.g., *United States v. Dotterweich*, 320 U. S. 277 (88 LE 48, 64 SC 134) (1943). The United States Supreme Court has defined those in "responsible relationships" within corporations to be "the persons whose failure to exercise the authority and supervisory responsibility reposed in them by the business organization resulted in the violation complained of." *United States v. Park*, 421 U. S. 658 (44 LE2d 489, 95 SC 1903) (1975).

3. We adhere to the proposition that those persons who have both responsibility *and* authority within a corporation may be held liable under regulatory statutes such as the fire ordinance at issue in this case. See *Davis v. Peachtree City*, 251 Ga. 219 (304 SE2d 701) (1983).

4. The evidence was as follows:

Smith is the maintenance supervisor of the management company. He is neither a corporate officer nor an owner of any interest in the corporation. He testified that he had no general managerial responsibilities for the management company; that he was not authorized to make decisions concerning the method of compliance with fire codes; and that he was not authorized to expend corporate funds in non-emergency situations. The fire inspector testified that a corporate

---

[1] While there is no enumeration of error relative to a burden-shifting complaint, we note the similarities in this portion of the ordinance to those invalidated by our recent opinion in *State v. Russell*, 256 Ga. 503 (350 SE2d 430) (1986).

officer had instructed him to "deal" with Smith concerning fire code violations.

O'Brien is the on-site resident manager of one of the apartment complexes. She is neither a corporate officer nor an owner of any interest in the corporation. She testified that she had limited general managerial responsibilities for the company, and that she was authorized to expend minimal funds. The fire inspector who arrived at the complex with a citation asked to see "the person in charge of the complex." O'Brien came forward and accepted the citation on behalf of the company.

5. The evidence is insufficient to establish that degree of responsibility *and* authority requisite for criminal prosecution under a regulatory statute designed to prevent public danger. While these two employees had discretionary authority to make some day-to-day decisions, there is no evidence that they were authorized to make or change corporate policy — that is, to decide which of the three alternative methods the company would adopt to comply with the fire code. It is abundantly clear that it was beyond their respective authorities to obligate and expend funds for corrective measures.

Because we conclude that the trial court's judgment must be reversed, we need not reach the remaining issues.

*Judgment reversed. All the Justices concur.*

DECIDED FEBRUARY 24, 1987 —
RECONSIDERATION DENIED MARCH 11, 1987.

*Morris, Manning & Martin, Richard P. Reinhart, Ann K. Moceyunas,* for appellants.
*Baxter P. Jones, Albert Sidney Johnson,* for appellee.