S89A0015. PORTER v. CITY OF ATLANTA.
S89A0121. A-TOW, INC. v. CITY OF ATLANTA.
(384 SE2d 631)

CLARKE, Presiding Justice.

Appellant A-Tow, Inc. is a wrecker service owned and operated by appellant Val J. Porter. A-Tow and Porter were convicted of violating an Atlanta City ordinance by failing to accept checks. A-Tow was also convicted under another city ordinance for failing to post the required signs around the business. They appeal their convictions and challenge the constitutionality of the ordinances. We affirm the convictions.

1. Determining the validity of a city ordinance is generally a two-step process. First, the court must determine whether the local government possessed the power to enact the ordinance. *Allison v. Medlock*, 224 Ga. 37 (159 SE2d 384) (1968). If the power exists, the court must then determine whether the exercise of power is clearly reasonable. *Medlock v. Allison*, 224 Ga. 648 (164 SE2d 112) (1968).

Municipal corporations are creations of the state and possess only those powers that have been expressly or impliedly granted to them. *City of Macon v. Walker*, 204 Ga. 810 (51 SE2d 633) (1949); *Pierce v. Powell*, 188 Ga. 481 (4 SE2d 192) (1939). The source of their power is the delegation of power from the state, manifested in the constitution, state laws, and the municipal charter. Allocations of power from the state to local governments are strictly construed. Id.; see also P. Sentell, Jr., Discretion in Local Government, 8 Ga. L. Rev.

---

614, 617 (1974).[1]

Appellants contend that the city lacks the power to regulate a business. While it is true that the regulation of private enterprise is one of the most significant and potentially objectionable powers a municipality may exercise, it has long been recognized that delegation of that authority from the state does not violate any constitutional principle. See generally P. Sentell, The Power to Prohibit, 9 Ga. L. Rev. 115 (1974). "The right of the legislature to regulate trade, and to authorize municipal corporations so to do within their respective limits, has been recognized by this court from the time of its organization." *Badkins v. Robinson*, 53 Ga. 614, 615 (1875). Local ordinances regulating everything from selling fresh meat to operating pin-ball machines have been upheld. See Id; and *Wallace v. City of Cartersville*, 203 Ga. 63 (45 SE2d 63), cert. denied 333 U. S. 843 (68 SC 661, 92 LE 1126) (1947). Nevertheless, the topic remains hotly controversial in the law of local government and has failed to yield dependable legal constants. This is so, not because of uncertainty about the source of power to regulate, but because of inconsistencies in how the reasonableness of a regulation is determined. (See discussion below.) The general authority to license and regulate "privileges, occupations, trades and professions," found in the city charter at Appendix I, section (2), in conjunction with the specific authority to regulate those businesses operating in the city which "may be dangerous to persons or property," Appendix I, section (18), and to "regulate and license vehicles operated for hire . . . and parking," Appendix I, section (37), is sufficient to support the exercise of authority to regulate towing or wrecker services.[2]

Once a source of authority for regulation is identified, the next issue for resolution is whether the specific exercise of power is clearly reasonable. 8 Ga. L. Rev., supra at 619. Under our system, the power to regulate exists not as an arm of privilege for the governors but as an armor of protection for the governed. Its purpose is to allow the governing authorities to shield the public from the excesses of private persons or groups in their exercise of private activities. In carrying out this function of government, the law requires careful attention to the activity made subject to the power to regulate. The greater the potential for abuse or danger to the public inherent in an activity, the greater the right to exercise control and, conversely, the more benign

---

[1] Even when power is specifically delegated, local governments may not enact any ordinance that is preempted by or conflicts with state legislation or is inconsistent with the constitution. OCGA § 36-35-6. These issues are not raised here.

[2] Appellants do not argue and we do not reach the issue of whether newly amended OCGA § 44-1-13, which went into effect after the convictions at issue here, circumscribes or preempts the authority to regulate towing and storage firms.

the private activity, the narrower the government power to control it. This must be so because although private interest can pose a danger of abuse, excessive government control in the name of protectionism can pose an even greater danger.

All of this mandates that the courts must view the exercise of government authority to regulate private enterprise carefully. Such regulations are not presumptively reasonable, but must be demonstrably reasonable after the affected interests are balanced. We must weigh the protective value the regulation affords to the public against the oppressiveness it imposes on the rights of individuals. For, after all, our system has always held individual rights at the pinnacle of its aim.

The ordinances at issue here regulate the operation of towing or wrecker services. Unlike run-of-the-mill business activities, the enterprise involved in this case holds the potential to infringe severely on the rights of the public. Because of a small debt, such as non-payment of a $2 parking fee, a land owner may call a towing service and have a vehicle removed from her property. The law then allows the towing service to do more than just tow the automobile away to its establishment. It allows the charge of an involuntary fee and, even more severely, it authorizes the summary impress of a lien in the amount of that fee so as to deprive the owner of her automobile when it is not or cannot be paid. OCGA § 44-1-13. The law gives the towing company a great advantage over the owner of the towed car, and creates a great potential for unfair business practices and abuse of the public.

The power of a municipal governing authority to regulate or limit legitimate business activities is not unfettered.[3] In fact, the law favors the free exercise of business activities and examines closely any governmental limitations upon it. The question here is whether the type of business activity in which Mr. Porter and A-Tow are engaged so severely invades the rights of members of the public so as to make government regulation more than merely desireable but, in fact, essential.

The business activity involved here goes beyond that of providing a service to property owners upon whose land cars are parked without permission. It reaches into an area generally reserved to governmental authorities because the ordinance allows the licensee to summarily deprive the automobile owner of the use of his property. When a governing authority grants such an oppressive right, it must reserve unto

---

[3] See OCGA § 36-35-6 (b).
The power granted in subsections (a) and (b) of Code Section 36-35-3 shall not include the power to take any action affecting the private or civil law governing private or civil relationships, except as is incident to the exercise of an independent governmental power.

itself the power to limit the methods and extent of the exercise of that right. We therefore hold that the ordinances at issue here are clearly reasonable and valid.

2. Appellants next contend that the requirement that wrecker services accept checks and credit cards violates Article I, Section 8 of the U. S. Constitution because it attempts to legislate a change in legal tender. This contention is without merit. The regulation does not require appellees to accept something other than legal tender to discharge a debt. The debt is discharged when the appellants receive payment in legal tender through a third party institution.

3. Appellants argue that the ordinance section 14-9012 (g) is void for vagueness because of the use of the word "insured." [4] We do not agree. The test for whether a statute is void for vagueness and thus violative of due process is whether the statute forbids or requires an act in terms so vague that people of common intelligence must necessarily guess at its meaning and differ as to its application. *Gouge v. City of Snellville*, 249 Ga. 91 (287 SE2d 539) (1982). We hold that the word "insured" as used in the ordinance is not so vague as to implicate due process considerations. The word, reasonably construed, means that a check approval agency will indemnify the wrecker service if the drawer's bank account does not have sufficient funds to cover the amount stated at the time of presentment.

4. Appellants next assert that there was no evidence that a check was properly tendered. Indeed, no fully drafted check was entered into evidence at trial. However, the complaining witnesses all testified that they requested to pay by check but did not continue to draft the check when they were told unqualifiedly that it would be refused. Under Georgia law, formal tender is unnecessary where the person to whom the money is due indicates that tender would be refused. OCGA § 13-4-24; *Good v. Tri-Cep, Inc.*, 248 Ga. 684 (285 SE2d 527) (1982). Moreover, the ordinance does not require formal tender. We conclude that the ordinance was violated when appellants indicated that any check, if written, would be refused.

5. Appellants further assert that there was insufficient evidence that the required signs were not properly posted. After reviewing the testimony presented at the trial, we conclude that there was sufficient evidence to support the conviction for failing to post the required signs. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

6. Finally, Porter argues that the check cashing ordinance does not authorize a penalty to be imposed on the owner of a wrecker ser-

---

[4] The ordinance states, "it shall be unlawful [for a wrecker service] to refuse to accept, in lieu of cash, any check which can be insured by a check approval agency. . . ."

vice. He contends that only the service itself may be punished. We disagree. The evidence presented at trial indicated that Porter, as the owner and operator of the corporation, has complete authority and responsibility for the actions and policies of the corporation. Porter himself testified that whenever anyone asks to pay by check, he handles the matter personally. Moreover, the transactions which gave rise to the charges against Porter were separate from those for which A-Tow was charged. Porter was present and in charge of the business during both transactions for which he was charged. In one of the instances Porter personally directed the service and personally refused to accept the check as required by the ordinance. Therefore, we conclude that he may be held criminally liable under the ordinance at issue here. *O'Brien v. DeKalb County*, 256 Ga. 757 (353 SE2d 31) (1987).

In conclusion, we find no infirmity in the ordinances or error in the trial proceedings. Therefore, the convictions are affirmed.

*Judgments affirmed. All the Justices concur.*

DECIDED OCTOBER 13, 1989 —
RECONSIDERATION DENIED NOVEMBER 8, 1989.

*Martin H. Rubin,* for appellants.
*Raines F. Carter, Solicitor, Elaine L. Carlisle, Herman L. Sloan, Assistant Solicitors, Marva Jones Brooks,* for appellee.