## S03A1325. PERKINS v. THE STATE.
(588 SE2d 719)

CARLEY, Justice.

Free For All Bonding (FFAB), in its capacity as a professional bail bondsman, hired Stephen Perkins to act as a bail recovery agent. In 2001, the principal on a bond issued by FFAB failed to appear in court on criminal charges, and Perkins was assigned to apprehend him. In 2000, Perkins was registered as a bail recovery agent in Fulton County. However, the Fulton County Sheriff requires annual

---

[5] *Williams*, 239 Ga. at 276.

registration of agents, and Perkins' registration was not renewed for 2001. Perkins located the principal in a Fulton County apartment and, to make an arrest, kicked in the door. Thereafter, the Solicitor General of the State Court of Fulton County filed an accusation, charging that Perkins violated OCGA § 17-6-58 (a), which provides, in relevant part, that

> [a]ny bail recovery agent who fails to register with the local sheriff . . . but who nonetheless attempts to apprehend or capture a principal on a bail bond or a fugitive or who succeeds in apprehending or capturing such person shall be guilty of a misdemeanor upon conviction for the first violation and shall be guilty of a felony upon conviction for the second and all subsequent violations. . . .

He was also charged with criminal trespass based upon the damage done to the apartment door. Perkins moved to dismiss, asserting that OCGA § 17-6-58 (a) is being unconstitutionally applied to him. After conducting a hearing, the trial court denied the motion, but certified its order for immediate review. We granted Perkins' application for interlocutory appeal to determine whether the trial court erred in denying the motion to dismiss the accusation.

1. The State urges that the motion was untimely filed. Because it challenged the constitutionality of the statute Perkins was charged with violating, the motion was timely and, thus, properly considered on its merits. See *Gilmore v. State*, 118 Ga. 299 (45 SE 226) (1903).

2. In 1999, the General Assembly passed comprehensive legislation dealing with bail recovery agents. Ga. L. 1999, p. 546 et seq. The purpose of the statute was to codify several provisions, including OCGA § 17-6-58 (a), which, as previously noted, makes it a crime for an agent to act without registering with the local sheriff. The 1999 legislation also enacted OCGA § 17-6-56 (c), pursuant to which

> [a]ny sheriff of a county shall require any professional bondsman who is a resident of or doing business in the sheriff's county to register his or her bail recovery agents in that county. The professional bondsman must submit to the sheriff, in a form and manner to be determined by the sheriff, a list of all bail recovery agents whose services may be used by such bondsman.

Thus, the law contemplates two separate and distinct registration requirements. OCGA § 17-6-58 (a) mandates direct registration by individual bail recovery agents, such as Perkins. OCGA § 17-6-56 (c) relates to the indirect registration of agents by the professional bondsmen who employ them, such as FFAB.

Perkins' constitutional challenge must be decided on the particular facts of the case. *State v. Boyer*, 270 Ga. 701, 702 (1) (512 SE2d 605) (1999). It appears that Fulton County has not instituted a system whereby an individual agent can, in compliance with OCGA § 17-6-58 (a), register directly with the Fulton County sheriff. Instead, the system maintained by the sheriff contemplates only the indirect registration of agents by professional bondsmen in accordance with the requirements of OCGA § 17-6-56 (c). Due process requires that criminal provisions "give a person of ordinary intelligence fair warning that his specific contemplated conduct is forbidden, so that he may conform his conduct to the law. [Cit.]" *Thelen v. State*, 272 Ga. 81, 82 (526 SE2d 60) (2000). Perkins cannot be prosecuted for violating OCGA § 17-6-58 (a) if it was impossible for him to conform his conduct to its requirements by registering himself directly with the sheriff of Fulton County. See OCGA § 16-4-4; *Guzman v. State*, 206 Ga. App. 170, 172 (2) (424 SE2d 849) (1992).

The State maintains that the limited Fulton County registration system is sufficient because Perkins can be prosecuted for the failure of FFAB to comply with its duty to register him with the sheriff. However, OCGA § 17-6-58 (a) does not purport to impose criminal liability on the agent for the professional bondsman's violation of the independent duty imposed by OCGA § 17-6-56 (c). By its terms, OCGA § 17-6-58 (a) unambiguously applies only to the agent who fails to register with the local sheriff, not to the agent whose employing bondsman fails to register him or her. Moreover, we have held that vicarious criminal liability violates due process. *Davis v. City of Peachtree City*, 251 Ga. 219, 222 (1) (304 SE2d 701) (1983).

Thus, the failure of Fulton County to maintain a system for the registration of individual agents precludes a successful prosecution of Perkins for violating OCGA § 17-6-58 (a), and he cannot be held vicariously liable for FFAB's alleged violation of OCGA § 17-6-56 (c). Moreover, even assuming that he could be prosecuted for either his own or FFAB's failure to register him with the Fulton County sheriff, it is undisputed that he was registered in 2000. Thus, as OCGA § 17-6-58 (a) is being applied to him, he does not face prosecution for a failure to register in Fulton County. Instead, the State alleges that he violated that statute by failing to renew his registration.

Nothing in the applicable statutes expressly requires renewal of an agent's registration. Likewise, the statutes do not make it a crime to fail to renew.

> Criminal statutes are construed strictly against the State, they must be read according to the natural and obvious import of their language, and their operation should not be

limited or extended by application of subtle and forced interpretations. [Cit.]

*Foster v. State*, 273 Ga. 555-556 (1) (544 SE2d 153) (2001). OCGA § 17-6-58 (a) does not provide, with any degree of certainty, that an agent's act of failing to renew his or her registration is a criminal violation. By its terms, the only proscribed conduct is the failure to register with the local sheriff. " ' "The unambiguous words of a criminal statute are not to be altered by judicial construction so as to punish one not otherwise within its reach. . . ." ' [Cit.]" *Vines v. State*, 269 Ga. 438, 440 (499 SE2d 630) (1998).

The State contends that the Sheriff of Fulton County should be invested with discretionary authority to require annual renewal of an agent's registration. The contention is that, without the ability to impose and enforce a renewal requirement, the sheriff cannot determine whether an agent continues to meet the qualifications to serve in that capacity. Even conceding the reasonableness of a renewal requirement, however, the statutes do not confer any discretionary authority on a sheriff to impose one. OCGA § 17-6-56 (c) authorizes the sheriff to require FFAB to register its agents in Fulton County. OCGA § 17-6-58 (a) provides that Perkins must register with the sheriff. Neither statute purports to authorize the sheriff to redetermine an agent's qualifications by requiring his or her subsequent renewal of the initial registration. Thus, Perkins can be found guilty if, in violation of OCGA § 17-6-58 (a), he never registers with the sheriff, but he cannot be convicted of violating that statute by failing to comply with a renewal requirement imposed pursuant to the sheriff's exercise of non-existent authority to monitor an agent's continuing qualifications. " 'Criminal statutes are to be strictly construed. The liberty of a citizen is not to be abridged by implication, nor is any statute, making an act a crime, to be extended beyond its express terms.' [Cit.]" *Dorsey v. State*, 259 Ga. App. 254, 256 (576 SE2d 637) (2003).

Applying the applicable constitutional principles to the facts of this case, OCGA § 17-6-58 (a) did not provide Perkins with fair notice that he could be held criminally responsible for acting as a bail recovery agent in Fulton County if he failed to renew his registration in that county. If an agent's failure to renew is to be punishable as a crime in this state, it must be accomplished by an act of the General Assembly, and not by each local sheriff's determination that it is reasonable to impose such a renewal requirement on the agents who work in the jurisdiction. Thus, the trial court erred in denying the motion to dismiss the accusation. See *Thelen v. State*, supra; *Hall v. State*, 268 Ga. 89 (485 SE2d 755) (1997).

*Judgment reversed. All the Justices concur.*

DECIDED NOVEMBER 10, 2003.

*R. Gary Spencer*, for appellant.

*Robert B. Dixon*, Solicitor-General, *Leonard M. Geldon*, *Jody L. Peskin*, *Carmen D. Smith*, Assistant Solicitors-General, for appellee.