A04A2008. HARRISON v. WILLIAMS.
(605 SE2d 923)

ANDREWS, Presiding Judge.

Michael Harrison appeals from the trial court's grant of summary judgment to Robert Nelson Williams in Harrison's suit for specific performance of a contract for the sale of a residence.

To prevail on a motion for summary judgment, the moving party must demonstrate that there is no genuine issue of material fact, and that the undisputed facts, viewed in a light most favorable to the party opposing the motion, warrant judgment as a matter of law. OCGA § 9-11-56 (c); *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). "Our review of a grant of summary judgment is de novo, and we view the evidence and all reasonable inferences drawn from it in the light most favorable to the nonmovant." (Footnote omitted.) *Smith v. Bulloch County Bd. of Commrs.*, 261 Ga. App. 667 (583 SE2d 475) (2003).

It is undisputed that, on January 24, 2003, Harrison, a real estate broker, and Williams entered into a written contract providing for the sale by Williams of residential property in Augusta to Harrison for $78,000, and Harrison paid Williams $500 earnest money. The contract provided that the sale was to close on or before February 28, 2003. Prior to closing, Williams became aware of some outstanding

consumer debts which had resulted in liens being placed on the property. Williams believed that these debts had been extinguished by a prior bankruptcy. On February 26, 2003, Harrison and Williams entered a written extension of the closing date until March 6, 2003.

Because attorney Milton Martin had done previous work on the property's title for a prior uncompleted sales contract, Williams suggested to Harrison that Martin could conduct a closing. On March 6, 2003, Williams advised Harrison that, because of the lien problems, Martin was not going to be able to close the sale, but that attorney Findlay would be able to close it.

During their conversation on March 6, Williams asked Harrison if he would agree to increase the purchase price to $80,000 because Williams had another buyer willing to pay that.[1] Harrison refused to increase the price and attempted to contact Findlay regarding closing, but was unable to. Harrison hand delivered to Findlay's office that afternoon a check payable to Findlay, with the notation "to be cashed only at the closing." The check was for $77,500 ($500 earnest money deducted from the $78,000 purchase price). Harrison also had his secretary deliver to Williams a copy of this check along with a letter stating that "I am ready, willing, and able to close this sale. . . . I have the funds to close this property and am ready to proceed."

Findlay submitted his affidavit stating that, while he was able to close the sale, "[n]o one contacted me about setting up a closing."

Williams's motion for summary judgment was based on his contention that no proper tender of the sales price had been made to him and that the attempt to tender to Findlay was not adequate. This was the basis upon which summary judgment was granted.

1. As urged by Harrison in his fourth enumeration, there was a factual dispute as to whether Findlay was the apparent agent of Williams.[2] See *Rains v. Dolphin Mtg. Corp.*, 241 Ga. App. 611, 614 (3) (525 SE2d 370) (1999).

2. As argued in Harrison's first enumeration, there is also a dispute as to whether a closing was ever set up prior to expiration of the March 6 deadline. Harrison understood Findlay was going to conduct the closing that day and attempted to contact him. Williams acknowledged that, although he had not arranged any closing with Findlay, he did call him on March 6 and told him to hold off on closing.

---

[1] At his deposition on August 8, 2003, Williams admitted that he had another contract on the property for $82,500.

[2] Although Findlay's affidavit states that he "was not Mr. Nelson's [sic] attorney or agent during this time period, i.e. February and March 2003[,]" it also states that he was contacted by Robert Nelson Williams who asked if the problem Martin was having with closing on the property would prevent him from closing it, and he told Williams it would not.

3. Harrison's second and third enumerations are that the trial court erred in finding that there was no tender or payment to Williams and that the attempted tender to Findlay was ineffective because of the notation on the check that it was "to be cashed only at the closing." They are considered together.

OCGA § 13-4-24 provides that

> A tender properly made may be equivalent to performance. The tender must be certain and unconditional, except for a receipt in full or delivery of the obligation, and may be made by an agent and to an agent authorized to receive. The tender must be in full payment of the specific debt, and not in part, and may be made at any time before trial. If tender is rejected on grounds unrelated to informality, informality cannot afterward be raised in objection to the tender.

As set out in Division 1, there is a question of fact regarding whether Findlay was the apparent agent for Williams, which, if determined in Harrison's favor, would allow a jury to find the tender was valid on this ground. Even if the jury, however, determines this issue adversely to Harrison, there remain other factual issues which preclude determining the matter on summary judgment.

"It is a familiar rule that: 'Since equity will not require a useless formality, it is unnecessary to make a tender where the vendor, by conduct or declaration, proclaims that, if a tender should be made, acceptance would be refused.' [Cits.]" *Burnam v. Wilkerson*, 217 Ga. 657, 662-663 (4) (124 SE2d 389) (1962).

Whether waiver took place is an issue for the trier of fact. *McCullough v. McCullough*, 263 Ga. 794, 795 (1) (439 SE2d 486) (1994). We find there are sufficient facts from which a jury could infer that, had Harrison made the check payable to Williams and attempted to hand it to him directly, the payment would have been refused. See *Good v. Tri-Cep, Inc.*, 248 Ga. 684, 685 (2) (285 SE2d 527) (1982); *Smith v. Standard Oil Co.*, 226 Ga. 339 (2) (175 SE2d 14) (1970); *Ray M. Wright, Inc. v. Stinchcomb*, 259 Ga. App. 212, 215 (576 SE2d 566) (2002); *Nowlin v. Davis*, 245 Ga. App. 821, 822 (2) (538 SE2d 900) (2000).[3]

In *English v. Muller*, 270 Ga. 876 (1) (514 SE2d 194) (1999), the initial delay in closing was caused by problems with seller English's title, including liens. Even though the closing attorney was helping

---

[3] Because of this finding, we need not address the issue of whether the notation on the check to Findlay made the tender conditional.

English to clear the title, English stopped communicating with the purchasers until the filing of their suit for specific performance. The purchasers made no tender of the purchase price to English. It was held that there was sufficient evidence for the jury to conclude that English's conduct waived the necessity of tender and that a party to a contract cannot cause a breach or delay in compliance by the other party and then set up the breach or delay to defeat the contract.

Harrison's and Williams' situation could be found by a jury to be similar. It was error for the trial court to enter summary judgment.
*Judgment reversed. Miller and Ellington, JJ., concur.*

DECIDED NOVEMBER 2, 2004.

*Warlick, Tritt, Stebbins & Hall, Carl G. Bryan*, for appellant.
*Johnston, Wilkin & Williams, William J. Williams*, for appellee.