## A05A2181. SCOTT v. TEAM TOYOTA.
(622 SE2d 925)

PHIPPS, Judge.

Sylvia Scott filed a multicount complaint against Team Toyota because it sold her a used motor vehicle which it represented as new. Scott appeals the trial court's award of summary judgment to Team Toyota on all counts. We affirm in part and reverse in part.

Scott purchased a 2003 Toyota Tacoma pickup truck at Team Toyota's dealership in August 2003 for a total cash price of about $18,700. Even though the truck had been driven over 1,600 miles, it was sold to Scott as new. Team Toyota's salesman sought to explain the truck's mileage by telling Scott that it had been loaned to a customer whose vehicle was being serviced. Scott later discovered that, in fact, the truck previously had been leased by another customer to whom title had been transferred. Afterward, she obtained counsel who sent a letter to Team Toyota on her behalf. The letter proposed a rescission of Scott's purchase of the truck, in consideration of Team Toyota's payment to her of $39,000 in settlement of her claims against it for, among other things, treble damages for having engaged in deceptive trade practices. Team Toyota did not accept Scott's settlement offer.

Scott then brought this suit, alleging that she had revoked her acceptance of the truck and seeking a rescission of her purchase based on a material misrepresentation of facts. She also seeks $200,000 in damages for Team Toyota's commission of unfair trade practices, for fraud and deceit, and for its failure to honor her revocation of acceptance. She testified that after she discovered the truck was not new, she left it sitting in her driveway.

Team Toyota moved for summary judgment on grounds that Scott was aware that the truck had over 1,600 miles on it when she purchased it; that she, therefore, has not sustained any damages; and that prior to bringing suit, she did not make any valid efforts to rescind her purchase of the truck or revoke her acceptance of it.

1. The trial court did not err in awarding summary judgment on Scott's claim for rescission.

"A purchaser claiming to have been fraudulently induced into entering a sales contract has an election of remedies involving rescission or affirmation of the contract."[1] In order to rescind, the defrauded party must promptly, upon discovery of the fraud, restore or offer to restore to the other party whatever he has received by virtue of the contract or show a sufficient reason for not doing so.[2] The offer to restore the consideration received under the contract is referred to as a tender. The tender is a condition precedent to bringing an action for rescission.[3] With certain exceptions inapplicable here, the tender must be certain and unconditional.[4]

It is undisputed that Scott's tender was not unconditional. She attached as a condition to the tender that Team Toyota pay her more than twice what she had paid for the truck in settlement of her claim against it for treble damages. That condition rendered her tender ineffectual.[5] Because Scott, therefore, failed to satisfy a condition precedent for bringing suit for rescission, the court did not err in awarding summary judgment to Team Toyota on her rescission claim.

2. The court erred, however, in awarding summary judgment to Team Toyota on Scott's claim for unfair trade practices.

Scott charges Team Toyota with committing unfair or deceptive trade practices in violation of the Georgia Fair Business Practices Act (FBPA).[6] Essential elements of a private FBPA claim include a violation of the FBPA and damages.[7] Team Toyota does not dispute that Scott presented evidence that it violated the FBPA.[8] Team Toyota argues that the trial court properly granted summary judgment to it on Scott's FBPA claim because she did not prove that she suffered any damages. We find this argument to be without merit. Although it is certainly arguable that the value of a vehicle with over 1,600 miles on it would remain the same regardless of whether it had been driven as a loaner or as a leased vehicle, Scott submitted an expert affidavit that would support a finding that transfer of title to the truck she had purchased resulted in its classification as a used

---

[1] *Ben Farmer Realty Co. v. Woodard*, 212 Ga. App. 74 (441 SE2d 421) (1994) (citations omitted).

[2] See OCGA §§ 13-4-24; 13-4-60; *Harrison v. Williams*, 270 Ga. App. 308, 310 (3) (605 SE2d 923) (2004); *Reaugh v. Inner Harbour Hosp.*, 214 Ga. App. 259, 262 (4) (447 SE2d 617) (1994).

[3] *Nexus Svcs. v. Manning Tronics*, 201 Ga. App. 255, 256 (2) (410 SE2d 810) (1991).

[4] See OCGA § 13-4-24; *Harrison*, supra.

[5] See generally *Southern Gen. Ins. Co. v. Ross*, 227 Ga. App. 191, 193 (1) (489 SE2d 53) (1997); *Adcock v. Sutton*, 224 Ga. 505 (162 SE2d 732) (1968).

[6] OCGA § 10-1-393 (b) (5)-(7).

[7] See *Crown Ford v. Crawford*, 221 Ga. App. 881, 883 (1) (473 SE2d 554) (1996).

[8] See *Catrett v. Landmark Dodge*, 253 Ga. App. 639, 642 (2) (560 SE2d 101) (2002).

vehicle rather than a new one thereby resulting in a marginal reduction of its value. Consequently, the question of damages is for the jury.

3. It follows that the court also erred in awarding summary judgment to Team Toyota on Scott's claim for fraud and deceit.[9]

4. The trial court did not err in awarding summary judgment to Team Toyota on Scott's claim for damages under a revocation of acceptance theory. In her complaint, Scott sought a recovery of damages because of Team Toyota's failure to honor her revocation of acceptance pursuant to OCGA § 11-2-608.[10] Because Scott did not tender the truck back to Team Toyota in accordance with the requirements of Georgia law,[11] Team Toyota is not liable for damages for failure to honor her so-called revocation of acceptance.[12] And although Scott may recover damages for nonconformity,[13] she cannot obtain a rescission of her purchase.

*Judgment affirmed in part and reversed in part. Andrews, P. J., and Mikell, J., concur.*

DECIDED NOVEMBER 4, 2005.

*T. Michael Flinn*, for appellant.

*Weinberg, Wheeler, Hudgins, Gunn & Dial, John M. Hawkins*, for appellee.

---

[9] See id. at 640 (1); compare *Kondo v. Marietta Toyota*, 224 Ga. App. 490, 492 (2) (480 SE2d 851) (1997).

[10] See *Reeb v. Daniels Lincoln-Mercury Co.*, 193 Ga. App. 817, 818 (1) (a) (389 SE2d 367) (1989); *Griffith v. Stovall Tire & Marine*, 174 Ga. App. 137, 138 (1) (329 SE2d 234) (1985).

[11] See Division 1, supra.

[12] Moreover, revocation of acceptance is a remedy reserved by the Uniform Commercial Code for situations in which a nonconformity in the goods is serious as to "substantially impair[ ] [their] value" to the buyer. OCGA § 11-2-608 (1); see generally *Hays Merchandise v. Dewey*, 474 P2d 270 (Wash. 1970). It is questionable whether Scott has presented evidence that the nonconformity here rose to that level.

[13] See Divisions 2 and 3, supra.