A06A1691. CITY OF ATLANTA v. JONES et al.
(640 SE2d 698)

MIKELL, Judge.

Nightclub managers Alan R. Jones, James Lee Berdine, and Brian T. May (collectively the "managers") were convicted by the Municipal Court of Atlanta of violating code section 10-46 of the Code of Ordinances of the City of Atlanta (the "ordinance") and fined $1,000, after inspectors with the City of Atlanta Permits Department observed bartenders at the managers' respective clubs selling alcohol without a valid license. The managers appealed to the superior court, challenging their convictions and the constitutionality of the ordinance as applied to persons other than the actual holder of a license, i.e., the licensee. The City of Atlanta moved to dismiss the appeal, arguing that the petition failed to comply with OCGA §§ 5-4-3 and 5-4-12 and that the managers waived their constitutional challenge to the ordinance by failing to raise it below. Following a hearing, the superior court denied the City's motion to dismiss and, without addressing the constitutional claims, reversed the managers' convictions on the ground that the ordinance applies only to licensees. The City appeals these rulings.

1. Because the managers' petition to the superior court challenges the constitutionality of the ordinance as applied, we must first address this Court's jurisdiction over the instant appeal. Our Supreme Court has exclusive appellate jurisdiction over cases in which the constitutionality of a law, ordinance, or constitutional provision has been drawn into question, but will not rule on a constitutional question "unless it clearly appears in the record that the [lower] court

distinctly ruled on the point."[1] Here, the superior court did not expressly rule upon the constitutionality of the ordinance. Accordingly, we may address the merits of this appeal.[2]

2. We agree with the City that the superior court erred in ruling that the ordinance applies only to licensees. Nevertheless, as discussed below, the trial court correctly set aside the managers' convictions. We affirm under the "right for any reason" principle.[3]

We review the superior court's decision on the interpretation of the ordinance for plain legal error.[4] The ordinance, which is part of Division 2 ("License") of Chapter 10, Alcoholic Beverages, of the 1995 Code of Ordinances of the City (the "Code"), provides that

> [n]o alcoholic beverages shall be manufactured, imported, brokered, sold to wholesalers or other importers or brokers, sold at wholesale or retail in the original package or by the drink nor shall any bottle house or tasting room be operated except under a license granted by the mayor as provided in this division. No licensee shall be authorized to operate a business until the license required in this section has been paid for in cash or the equivalent and delivered to the licensee by the proper city official. Where there is a pending application for a new licensee or a change of ownership on a prior existing licensed premises, the authority of the prior licensee to operate the business shall be extended for a maximum period of 30 days beyond the termination date of the prior license.

Code section 10-1 defines licensee as "a person, real or artificial, holding any class of license issued under this chapter." The City argues that the ordinance applies to the managers because employees of those who have licenses to sell liquor at retail are in all respects bound by the restrictions of the law applicable to the holder of such licenses.[5] The managers, however, contend that the superior court's interpretation is correct and that even though the term "licensee" is absent from the first sentence of the ordinance, it is apparent that the Code section is directed at activities requiring a license and at those

---

[1] (Citation omitted.) *Santana v. Ga. Power Co.*, 269 Ga. 127, 129 (6) (498 SE2d 521) (1998); *Ga. Dept. of Corrections v. Chatham County*, 274 Ga. App. 865, 868 (2) (619 SE2d 373) (2005).

[2] See, e.g., *Whipple v. City of Cordele*, 231 Ga. App. 274, 275 (1) (499 SE2d 113) (1998).

[3] See *Little v. City of Lawrenceville*, 272 Ga. 340, 341 (2) (528 SE2d 515) (2000).

[4] See *City of Buford v. Gwinnett County*, 262 Ga. App. 248 (1) (585 SE2d 122) (2003).

[5] See *Sapp v. State*, 99 Ga. App. 657, 660 (109 SE2d 841) (1959) (law declaring it illegal to sell more than two quarts of liquor to one person in one day applied to employee of holder of liquor license who personally sold to a purchaser more than two quarts of whisky on one day).

persons who are required to obtain an alcohol license, not at managers or employees. They also point out that if the City's governing body intended for the ordinance to reach employees and managers it would have so stated as it did in related areas of the Code which specifically impose liability on employees or agents of a licensee.

Criminal statutes and ordinances are strictly construed, and "must be read according to the natural and obvious import of their language, and their operation should not be limited or extended by application of subtle and forced interpretations."[6] Nor should the unambiguous words of a criminal statute "be altered by judicial construction so as to punish one not otherwise within its reach."[7] Most importantly, the rules of statutory construction require that we ascertain the intention of the governing body and effectuate the purpose of the ordinance.[8]

Keeping these principles in mind, we find that the superior court's interpretation conflicts with the plain language of the ordinance which expressly prohibits the sale of alcohol without a valid liquor license by *anyone*, whether that person be a manager, bartender, or stock clerk. Contrary to the superior court's finding, the ordinance does not apply only to licensees who sell alcohol without a license; it applies to anyone who sells alcohol without a license, including managers and employees.[9] Nonetheless, the superior court correctly set aside the managers' convictions because there is no evidence that the managers themselves were selling alcohol.[10] As our Supreme Court has consistently held, "vicarious criminal liability violates due process."[11] Accordingly, the managers cannot be liable for the bartenders' actions.

3. The City next contends that the trial court erred in denying its motion to dismiss because the petition for writ of certiorari fails to

---

[6] (Citation omitted.) *Perkins v. State*, 277 Ga. 323, 325-326 (2) (588 SE2d 719) (2003). See also *Haynes v. City of Albany*, 29 Ga. App. 313, 314 (115 SE 30) (1922).

[7] (Citation and punctuation omitted.) *Perkins*, supra at 326 (2).

[8] See *City of Brunswick v. Atlanta Journal & Constitution*, 214 Ga. App. 150, 153 (3) (447 SE2d 41) (1994).

[9] See, e.g., *Sapp*, supra.

[10] See, e.g., *O'Brien v. DeKalb County*, 256 Ga. 757, 758-759 (3)-(5) (353 SE2d 31) (1987) (evidence insufficient to establish degree of responsibility and authority required for criminal prosecution under a regulatory ordinance). Compare *Porter v. City of Atlanta*, 259 Ga. 526, 530 (6) (384 SE2d 631) (1989) (affirming conviction of owner of a wrecker service for violation of city ordinance requiring wrecker services in the city to accept checks and credit cards because evidence showed that owner/operator had complete authority and responsibility for the actions and policies of the corporation and that he *personally* refused to accept the checks as required by the ordinance).

[11] *Perkins*, supra at 325 (2), citing *Davis v. City of Peachtree City*, 251 Ga. 219, 222 (1) (304 SE2d 701) (1983) (due process violation to hold president and licensee of convenience store vicariously liable for employee's sale of wine to minor).

enumerate any errors committed by the trial judge as required by OCGA §§ 5-4-3 and 5-4-12. We disagree.

The relevant portion of OCGA § 5-4-3 provides that

[w]hen either party in any case in any inferior judicatory or before any person exercising judicial powers is dissatisfied with the decision or judgment in the case, the party may apply for and obtain a writ of certiorari by petition to the superior court for the county in which the case was tried, in which petition he shall plainly and distinctly set forth the errors complained of.

OCGA § 5-4-12 further provides, in relevant part, that on certiorari to the superior court

(a) [n]o ground of error shall be considered which is not distinctly set forth in the petition[, and] (b) [t]he scope of review shall be limited to all errors of law and determination as to whether the judgment or ruling below was sustained by substantial evidence.

The petition for certiorari in the instant case sought review of the managers' convictions of violating the ordinance. The petition alleges that the convictions violated the Georgia and U. S. Constitutions for various reasons, including unlawfully holding the managers vicariously liable for the licensees' failure to renew their alcohol licenses, and includes a certified copy of the City's Alcoholic Beverage Code. The managers also prayed that the superior court find their convictions contrary to law and to the principles of justice and equity. Because the petition plainly and distinctly asserts the errors complained of, the superior court did not err in denying the City's motion to dismiss.

4. Lastly, the City contends that the superior court erred in denying its motion to dismiss because the issue of the constitutionality of the ordinance and its enforcement were waived by the managers' failure to raise it at trial. On the contrary, the record reflects that the managers preserved the issue. At one point during the trial, counsel argued as follows: "Our position is that the licensee is the person who shall be ticketed under this ordinance section." Relying on *Davis*,[12] which dealt squarely with the constitutionality of an ordinance, counsel further argued that the managers are "not the proper [parties] to have to stand . . . trial for this."

---

[12] Supra.

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

DECIDED DECEMBER 21, 2006.

*Carmen D. Smith, Solicitor-General, Barbara M. Collins, Assistant Solicitor-General,* for appellant.
*Cook, Youngelson & Wiggins, O. Jackson Cook, Cary S. Wiggins,* for appellees.