**SECOND DIVISION**
**BARNES, P. J.,**
**ADAMS and MCFADDEN, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**October 5, 2012**

# In the Court of Appeals of Georgia

A12A0902. SMART v. THE STATE.                                    AD-034C

ADAMS, Judge.

Following a bench trial, Vince Smart, a used car dealer , was tried and convicted of violating a Fayette County ordinance for having two unlicensed vehicles at his residential property. Smart appeals and primarily challenges the sufficiency of the evidence with regard to each vehicle. We review the case "under the standard espoused in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979) to determine if the evidence, when viewed in the light most favorable to the prosecution, supports the verdict." (Citation omitted.) *Mack v. State*, 272 Ga. 415, 416-417 (1) (529 SE2d 132) (2000). Because the evidence was sufficient under that standard and Smart's other arguments lack merit or were not raised in the trial court, we affirm.

Construed in favor of the verdict, the evidence shows that in March 2011, a Fayette County marshal responded to a complaint that maintenance was being performed on untagged vehicles at Smart's address. On March 15, the marshal observed two vehicles in the driveway without current tags displayed, but he was unable to contact anyone at the address, so he left his card. The following day, Smart called and stated that he owned a car dealership and would occasionally drive vehicles to his residence to perform minor repairs. The marshal returned on April 18, 2011 and observed two vehicles with out-of-state tags. In a subsequent telephone call, the marshal advised Smart that he could not bring business vehicles to his home to work on them without a "home occupation license," which Smart admitted he did not have. The marshal testified that he read Section 302-8 of the "International Quality Maintenance Code" to Smart and advised him that "vehicles stored at his residence must be operational and have a license."

On April 30, 2011, a deputy went to Smart's home and spoke to Smart, informing him that there had been a complaint about him working on unlicensed vehicles at his home. Smart told her that all of the vehicles that she could see belonged to him. But the registration records introduced by the State showed that the white Chrysler was registered to a different person located at a different address. The

2

deputy testified about two cars: a white Chrysler parked on the street with a license tag that expired on April 21 (nine days earlier); and a burgundy Mazda parked on the county right-of-way with a dealer tag that expired in 2007. Smart admitted the Mazda was his. Smart was charged with two violations of Section 302.8 of the International Property Maintenance Code ("IPMC"), one each with regard to the burgundy Mazda and the white Chrysler.

Smart testified and admitted that he lives in a residential area and that he frequently has cars at his residence that are not registered to him. Smart admitted that he did not have a current license tag for the Mazda and that he had driven it to his home to test drive it. Smart video taped some of the events, which two deputies admitted, and the court admitted the video into evidence.

Following the presentation of evidence, the trial judge read aloud the following selection from the IPMC:

> Except as provided for in other regulations, no inoperative or unlicensed motor vehicle shall be parked, kept, or stored on any premises.

This came from Section 302.8 of the IPMC. Based on the evidence presented, the trial court found that Smart admitted both cars were his and that

3

there were two vehicles parked at your premises that were unlicensed. You had one that was – that had an expired tag, and you had the other one that was displaying a dealer tag that had expired in 2007.

The court sentenced Smart to 60 days probation on each count, consecutively, fined him $810, and gave a special condition of probation that "no vehicle other than those registered to Defendant or visitors to residence parked at residence."

1. Smart begins by asserting that the State failed to prove the ordinance itself. Local ordinances "must be alleged and proved by production of the original or of a properly certified copy." (Citation and punctuation omitted.) *Latimore v. City of Atlanta*, 289 Ga. App. 85, 86 (2) (656 SE2d 222) (2008). See also *Police Benev. Ass'n. of Savannah v. Brown*, 268 Ga. 26, 27 (2) (486 SE2d 28) (1997). The prosecutor introduced a certified copy of the IPMC and a certified copy of the ordinance by which the county adopted the IPMC as a part of the same exhibit – Exhibit 5 – without objection from Smart.[1] Thus, the state adequately proved the ordinance. *Latimore*, supra.

---

[1] The certified copy of the IPMC was added to the appellate record as a supplement to the original record.

4

2. Smart claims for the first time on appeal that the ordinance conflicts with state statutes, in violation of Ga. Const. of 1983, Art. III, Sec. VI, Par. IV (a).

> Our Supreme Court has exclusive appellate jurisdiction over cases in which the constitutionality of a law, ordinance, or constitutional provision has been drawn into question, but will not rule on a constitutional question "unless it clearly appears in the record that the [lower] court distinctly ruled on the point."

(Citations omitted). *City of Atlanta v. Jones*, 283 Ga. App. 125, 126 (1) (640 SE2d 698) (2006). The constitutional issue was not raised or ruled on below. Thus, we have jurisdiction to consider the appeal on its merits. *Id.*

Because Smart did not raise the issue in the trial court, his constitutional challenge is waived on appeal. *Perez-Castillo v. State*, 275 Ga. 124, 125 (562 SE2d 184) (2002); *Croft v. Fairfield Plantation Property Owners Ass'n.*, 276 Ga. App. 311, 314 (2) (623 SE2d 531) (2005).

3. Smart contends that the trial court improperly admitted exhibits 1 through 4, the computer printouts of the registration and title information obtained by the deputy who issued Smart the citations. As Smart points out, the proper method of introducing proof of a computer check of a car tag is "through the introduction of a

properly authenticated printout of the computer record rather than by the officer's testimony alone." (Citation and punctuation omitted). *Holland v. State*, 310 Ga. App. 623, 627 (3) (714 SE2d 126) (2011). That is exactly how exhibits 1 through 4 were introduced. Smart's challenge to their admission therefore lacks merit.

*Judgment affirmed. Barnes, P. J., and McFadden, J., concur.*