**FIRST DIVISION**
**BARNES, P. J.,**
**HODGES and LAND, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**June 7, 2023**

# In the Court of Appeals of Georgia

A23A0599. LESTER v. THE STATE.

LAND, Judge.

On appeal from his conviction after a bench trial for failure to register as a sex offender, Mark Lester argues that the evidence was insufficient. We find no error and affirm.

"On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence." (Citation omitted.) *Reese v. State*, 270 Ga. App. 522, 523 (607 SE2d 165) (2004). We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether, after viewing the evidence in the light most favorable to the prosecution, "any rational trier of fact could have found the essential elements of the

crime beyond a reasonable doubt." (Emphasis omitted.) *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979).

The relevant facts are not in dispute. At the outset of the bench trial, the parties stipulated that Lester was convicted in May 1999 of the statutory rape of a minor; was released from prison on January 4, 2001; and was registered as a sex offender residing at 7123 Lakeview Drive, Covington, Newton County as of January 11, 2021. The parties also stipulated that as of June 2021, Lester had been evicted, was no longer living at the Lakeview Drive address, and was homeless. The parties also agreed that within 72 hours of becoming homeless, Lester did not update his registration information with either a new address or a new sleeping location. By the time he was arrested on December 15, 2021, Lester had still not updated his registration. Lester was charged with violating OCGA § 42-1-12 (f) by failing to provide the Newton County Sheriff's Office with updated information, including his "address and sleeping location," within 72 hours of "any change to [his] required registration information[.]" The trial court found Lester guilty and sentenced him to 20 years with 3 to serve.

On appeal, Lester argues that the evidence was insufficient to sustain his conviction because under OCGA § 42-1-12 (f) (5), his change in sleeping location on becoming homeless "was not required registration information." We disagree.

OCGA § 42-1-12 (f)[1] provides in relevant part:

Any sexual offender required to register under this Code section shall:

(1) Provide the required registration information to the appropriate official before being released from prison or placed on parole, supervised release, or probation;

(2) Register in person with the sheriff of the county in which the sexual offender resides within 72 hours after the sexual offender's release from prison or placement on parole, supervised release, probation, or entry into this state;

(2.1) In the case of a sexual offender whose place of residence is the status of *homelessness*, in lieu of the requirements of paragraph (2) of this subsection, *register in person with the sheriff of the county in which the sexual offender sleeps within 72 hours after the sexual offender's release from prison or placement on parole, supervised release,*

---

[1] Though the statute has been amended often, the relevant version of subsection (f) (5), including its third sentence, dates from 2010. See Ga. L. 2010, p. 168 (H. B. 571), § 8 (effective May 20, 2010); *Jackson v. State*, 301 Ga. 137, 138 n. 2 (800 SE2d 356) (2017).

*probation, or entry into this state and provide the location where he or she sleeps*;

(3) Maintain the required registration information with the sheriff of each county in which the sexual offender resides *or sleeps*;

(4) Renew the required registration information with the sheriff of the county in which the sexual offender resides *or sleeps* by reporting in person to the sheriff within 72 hours prior to such offender's birthday each year to be photographed and fingerprinted; . . .

(5) Update the required registration information with the sheriff of the county in which the sexual offender resides within 72 hours of any change to the required registration information, other than *where he or she resides or sleeps if such person is homeless*. If the information is the sexual offender's new address, the sexual offender shall give the information regarding the sexual offender's new address to the sheriff of the county in which the sexual offender last registered within 72 hours prior to any change of address and to the sheriff of the county to which the sexual offender is moving within 72 hours prior to establishing such new address. *If the sexual offender is homeless and the information is the sexual offender's new sleeping location, within 72 hours of changing sleeping locations, the sexual offender shall give the information regarding the sexual offender's new sleeping location to the sheriff of the county in which the sexual offender last registered*, and if the county has changed, to the sheriff of the county to which the sexual offender has moved; and

(6) Continue to comply with the registration requirements of this Code section for the entire life of the sexual offender, excluding ensuing periods of incarceration.

(Emphasis supplied.)

In interpreting statutes, we "presume that the General Assembly meant what it said and said what it meant." (Citations and punctuation omitted.) *Deal v. Coleman*, 294 Ga. 170, 172 (1) (a) (751 SE2d 337) (2013). In our effort to determine a statute's meaning,

> we apply the fundamental rules of statutory construction that require us to construe the statute according to its terms, to give words their plain and ordinary meaning, and to avoid a construction that makes some language mere surplusage. We must also seek to effectuate the intent of the Georgia legislature. OCGA § 1-3-1 (a). In this regard, in construing language in any one part of a statute, a court should consider the entire scheme of the statute and attempt to gather the legislative intent from the statute as a whole.

(Citation omitted.) *Coates v. State*, 304 Ga. 329, 330 (818 SE2d 622) (2018). "It is a basic rule of construction that a statute . . . should be construed to make all its parts harmonize and to give a sensible and intelligent effect to each part, as it is not presumed that the legislature intended that any part would be without meaning."

(Citation and punctuation omitted.) *Gilbert v. Richardson*, 264 Ga. 744, 747-748 (3) (452 SE2d 476) (1994); see also *McIver v. State*, 314 Ga. 109, 119-120 (2) (b) (875 SE2d 810) (2022).

As we understand it, Lester's argument is that the statute does not apply to these facts because it first exempts a person who becomes homeless from providing residence or sleeping location information ("other than where he or she resides or sleeps if such person is homeless") and then requires only a homeless person moving from one sleeping location to another to "give the information regarding [his] new sleeping location to the sheriff of the county in which [he] last registered[.]" OCGA § 42-1-12 (f) (5). Lester thus argues that his situation – in which he became homeless and then failed to provide a sleeping location within 72 hours of becoming so – is not covered by the statute at all.

We acknowledge our obligation to construe criminal statutes "'strictly against the State according to the natural and obvious import of their language,' taking care not to extend the application of the law by 'subtle and forced interpretations.'" (Punctuation omitted.) *Gary v. State*, 338 Ga. App. 403, 405-406 (1) (790 SE2d 150) (2016), quoting *Perkins v. State*, 277 Ga. 323, 325-326 (2) (588 SE2d 719) (2003). Reading the statute as a whole, however, we conclude that Lester became homeless

6

in June 2021 such that the second section of OCGA § 42-1-12 (f) (5), italicized above, applied to him on its face: "If the sexual offender is homeless and the information is the sexual offender's new sleeping location, within 72 hours of changing sleeping locations, the sexual offender shall give the information regarding the sexual offender's new sleeping location to the sheriff of the county in which the sexual offender last registered[.]" Id. Lester's previous address was not only a residence but also a "sleeping location," such that when he became homeless, he was required to notify the sheriff of his "new sleeping location." Id. The indictment at issue charged him with failing to do so, in violation of the statute.

Because the undisputed evidence showed that Lester failed to provide the Newton County Sheriff's Office with his new sleeping location within 72 hours of becoming homeless, the trial court's judgment that Lester violated OCGA § 42-1-12 (f) is affirmed. See *O'Brien v. State*, 356 Ga. App. 617, 619 (848 SE2d 463) (2020) (evidence was sufficient to sustain conviction for violation of OCGA § 42-1-12 when it showed that defendant had failed to report to a sheriff's office to reregister within 72 hours before his birthday). Compare *Jackson*, 310 Ga. at 141-142 (2) (indictment that failed to allege that a defendant was previously registered in one county and had moved to another county or that the defendant had violated subsection (f) (5) was

7

fatally defective and void); *Young v. State*, 355 Ga. App. 486, 488-492 (1) (a)-(b) (844 SE2d 538) (2020) (evidence was insufficient to support conviction for failing to register when the homeless defendant was arrested less than 72 hours after change in sleeping location, and when his confession of sleeping at various temporary locations over the previous 20 days was not corroborated).

*Judgment affirmed. Barnes, P. J., and Hodges, J., concur*.