[No. A054526. First Dist., Div. One. June 19, 1992.]

ROBIN BERRY, Plaintiff and Appellant, v.
M. J. HANNIGAN, as Commissioner, etc., Defendant and Respondent.

**COUNSEL**

Harvey W. Stein and Douglas A. Hutchinson for Plaintiff and Appellant.

Daniel E. Lungren, Attorney General, Robert L. Mukai and Henry G. Ullerich, Assistant Attorneys General, Jose R. Guerrero and Kerry Weisel, Deputy Attorneys General, for Defendant and Respondent.

**OPINION**

**STRANKMAN, P. J.**—Appellant Robin Berry, individually and doing business as Berry Brothers Towing, contends that California statutes requiring

operators of towing and storage facilities to accept credit cards as payment from the owners of vehicles whose vehicles have been involuntarily towed are unconstitutional under the legal tender, equal protection, and due process clauses of the United States Constitution. Berry's declaratory relief action was submitted for decision by the trial court on the briefs and declarations of the parties, and judgment was entered in favor of respondent. We affirm the judgment.

## DISCUSSION

Peace officers and parking enforcement personnel may remove vehicles under certain circumstances, such as illegal parking or obstruction of traffic. (Veh. Code, § 22651.)[1] Respondent, the Commissioner of the California Highway Patrol (CHP), is authorized to enter into agreements with towing and storage facilities for the removal of offending vehicles. (§ 2424.) Appellant Berry is one of the towing and storage operators who has such an agreement with CHP and is called upon to provide services in removing vehicles. In addition to the towing of vehicles ordered by peace officers or parking enforcement personnel under section 22651, section 22658 permits the removal of vehicles from private property at the direction of the property owner under specified circumstances. Berry's complaint is that sections 22651.1 and 22658, subdivision (k), require towing and storage operators who have removed vehicles at the behest of public agents (§ 22651) or private property owners (§ 22658) to accept "a valid bank credit card or cash for payment of towing and storage" by the vehicle owner.

Apparently, Berry wishes to operate a cash-only business because irate vehicle owners can stop payment to him by disputing the charge for his services to their credit card issuer. He claims that sections 22651.1 and 22658, subdivision (k), are unconstitutional under the legal tender, equal protection, and due process clauses of the United States Constitution. Article I, section 10, provides that no state shall "make any Thing but gold and silver Coin a Tender in Payment of Debts . . . ." Berry also notes that federal law, which preempts state law, provides that "United States coins and currency . . . are legal tender for all debts, public charges, taxes, and dues." (31 U.S.C. § 5103.) The disputed Vehicle Code sections are said impermissibly to establish credit cards as "legal tender" for payment of towing debts. Berry also claims that he is denied equal protection of the laws because "[t]he classification of towing companies as the only class of private citizens required to accept credit cards for their service and suffer the burdensome exposure of providing a valuable service without the surety of payment is not rational." Finally, Berry maintains that he is deprived of property without

---

[1] Unless otherwise noted, all further statutory references are to the Vehicle Code.

due process of law by being forced, without a hearing, to relinquish possession of towed vehicles (in some of which he has a lien interest) in exchange for a credit card draft.[2]

Berry's arguments are completely meritless. ■ Sections 22651.1 and 22658, subdivision (k), do not establish credit card drafts as "legal tender." The legislation simply requires that towing and storage facilities accept credit cards as a manner of paying legal tender. The Georgia Supreme Court considered similar legislation which required towing and wrecker companies to accept checks and credit cards. (*Porter* v. *City of Atlanta* (1989) 259 Ga. 526 [384 S.E.2d 631], cert. den. 494 U.S. 1004 [108 L.Ed.2d 474, 110 S.Ct. 1297].) In rejecting the claim that the challenged ordinance legislated a change in legal tender, the court observed that "[t]he regulation does not require [the towing/wrecker companies] to accept something other than legal tender to discharge a debt. The debt is discharged when the [companies] receive payment in legal tender through a third party institution." (*Id.*, at p. 634.)

A Maryland Court of Appeal likewise concluded that local legislation requiring towing companies to accept checks and credit cards did not violate the Constitution's legal tender provision. (*Cade* v. *Montgomery County* (1990) 83 Md.App. 419 [575 A.2d 744, 749-750], cert. den. __ U.S. __ [112 L.Ed.2d 1047, 111 S.Ct. 960].) The court held that the statute "represents merely an alternative manner of 'cash' payment, rather than establishing a substitute form of legal tender . . . ." (*Id.*, at p. 749.) Berry relies upon *Capital Grain & Feed Co.* v. *Federal Reserve Bank* (N.D.Ga. 1925) 3 F.2d 614, 616-617, which criticized an Alabama statute permitting banks to discharge fully their obligation to depositors by checks. However, there is a distinction between legislation requiring the acceptance of checks or credit cards as a manner of payment, which carry a promise to pay in legal tender, from legislation establishing that checks or credit cards discharge debts upon presentation without any recourse against the payee. *Capital Grain & Feed Co.* concerns the latter form of legislation and is thus inapplicable here. (See *Cade* v. *Montgomery County*, *supra*, at p. 750 [contrasting its holding from *Capital Grain & Feed Co.*].)

■ In asserting denial of equal protection of the laws, Berry claims that he is treated differently from all other private citizens, including "other exigent service providers, such as ambulance services, automotive repair

---

[2]Civil Code section 3068.1, subdivision (a), provides, in relevant part, as follows: "Every person has a lien dependent upon possession for the compensation to which the person is legally entitled for towing or storage of any vehicle subject to registration which has been authorized to be removed by a public agency."

services and a host of other classes of businesses which provide emergency services after normal business hours when it is difficult to obtain cash." The legislation at issue is presumed constitutional, and "we must limit our analysis to a consideration of whether it is rationally related to a proper legislative goal." (*Peretto* v. *Department of Motor Vehicles* (1991) 235 Cal.App.3d 449, 455-456 [1 Cal.Rptr.2d 392].) Preliminarily, we note that it is only by virtue of the statutory scheme, portions of which are challenged here, that towing facilities are entitled to tow vehicles without the owners' consent and without a hearing.

We agree with respondent that the prompt release of vehicles which have been involuntarily towed is a proper legislative goal. As explained by the Washington Supreme Court in upholding towing company regulations as a valid exercise of a state's police power: "It cannot be doubted that the unexpected loss of the use of one's vehicle directly affects the safety and welfare of vehicle operators and owners. A person may be stranded hundreds of miles from home with no alternative mode of return travel and with no place to stay until the vehicle can be recovered. Similarly, the loss of the use of one's vehicle may substantially affect one's employment. Legislation which tends to assist members of the public from involuntarily losing the use of their vehicles and which tends to expedite recovery of their vehicles once they have been removed fairly and clearly promotes the safety and welfare of the public." (*Crane Towing, Inc.* v. *Gorton* (1977) 89 Wn.2d 161 [570 P.2d 428, 434, 97 A.L.R.3d 482].) Having found the regulations to be within the ambit of the state's police powers, the court also held that requiring towing facilities to accept checks and credit cards did not violate equal protection. (*Id.*, at pp. 436-437.)

We agree with the holding of the Washington Supreme Court. The legislation at issue here is rationally related to the goal of expediting recovery of vehicles. Permitting payment by credit cards allows owners to redeem their vehicles quickly, without the need to travel to a bank. For some vehicle owners, the averted inconvenience is even greater because they may not have cash in a bank. A credit card allows these vehicle owners to defer the towing charge and pay it in installments, thereby avoiding additional storage charges which would be incurred while they gathered sufficient cash to redeem their vehicles. We find no constitutional infirmity in the Legislature's decision to require acceptance of credit cards by towing facilities without broadening that requirement to all "other exigent service providers." There is a rational basis for distinguishing towing facilities from "other exigent service providers" in that the towing services are not sought, or consented to, by the vehicle owner. A vehicle owner is in no position to decline the tower's services, or select another tower, or negotiate the manner or amount of

payment. While anyone facing the need for emergency services has a limited field of choice, generally one still has at least some power of decision. It may be that the Legislature might have required the acceptance of credit cards by other businesses, but a statute is not unconstitutional because it might have reached other evils, so long as there is a rational basis for the Legislature's decision to go no farther than it did. (*Alderette* v. *Department of Motor Vehicles* (1982) 135 Cal.App.3d 174, 179 [185 Cal.Rptr. 172].) Here, we find no denial of equal protection of the laws by requiring towing facilities, operating under a legislative aegis, to accept credit cards from vehicle owners whose vehicles have been involuntarily towed.

■ Finally, we address Berry's claim that he has been deprived of property without due process of the law. The property at issue is Berry's lien interest in vehicles in his possession which were towed under authorization of a public agency. (Civ. Code, § 3068.1.) Berry argues that requiring him to release possession of vehicles upon payment by a credit card, thus ending the lien, deprives him of property without a hearing. The simple answer is that a statutory lien may be statutorily defined and limited. Berry is not deprived of property; his property interest is a lien requiring possession of the vehicle, and possession must be surrendered upon presentation of a valid bank credit card.

### DISPOSITION

The judgment is affirmed.

Newsom, J., and Stein, J., concurred.

Appellant's petition for review by the Supreme Court was denied September 2, 1992.