**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JOHN TILLISON, dba West Coast
Towing,
     *Plaintiff-Appellee,*

v.

CITY OF SAN DIEGO, a government
entity; CITY OF SAN DIEGO POLICE
DEPARTMENT,
     *Defendants-Appellants,*

and

DOES, 1 through 20, inclusive,
     *Defendant.*

No. 03-55939

D.C. No.
CV-01-02373-
RMB/LSP

OPINION

Appeal from the United States District Court
for the Southern District of California
Rudi M. Brewster, District Judge, Presiding

Argued and Submitted
November 4, 2004—Pasadena, California

Filed May 9, 2005

Before: Mary M. Schroeder, Chief Judge, Ronald M. Gould,
and Richard R. Clifton, Circuit Judges.

Opinion by Chief Judge Schroeder

5053

**COUNSEL**

Richard A. Ostrow and Grant R. Telfer, Office of the City Attorney, San Diego, California, for the defendants-appellants.

Michael P. McGovern, Knoxville, Tennessee, for the plaintiff-appellee.

Douglas G. Benedon, Benedon & Serlin, Woodland Hills, California, for amicus curiae North County Apartment Managers Association.

George Rios, Assistant San Jose City Attorney, San Jose, California, for amicus curiae League of California Cities.

**OPINION**

SCHROEDER, Chief Judge:

A towing company challenges California Vehicle Code section 22658(*l*)(1). This statute provides that when a towing

company tows a vehicle from private property without the vehicle owner's permission, the company must obtain written authorization from either the property owner or the property owner's agent. It also requires that the property owner or agent be present for the tow.

The district court enjoined enforcement of section 22658(*l*)(1) as preempted by the Federal Aviation Administration Authorization Act (FAAAA) of 1994, 49 U.S.C. §§ 14501-05. The district court held, in accord with a 2000 decision of this court, that the provision is outside the statutory exception from preemption for state laws directed at safety concerns, because the provision is aimed instead at consumer protection. *See Tocher v. City of Santa Ana*, 219 F.3d 1040, 1051-52 (9th Cir. 2000). Recent developments, including the Supreme Court's providing a broader interpretation of the safety exception to the FAAAA and the California legislature's amending section 22658, persuade us to reconsider *Tocher*. We therefore vacate the injunction entered by the district court and hold that section 22658(*l*)(1) is not preempted by federal law.

## BACKGROUND

This case arises out of a practice known as "patrol towing." The practice involves arrangements between towing companies and owners of private property, frequently apartment complex owners. Under these arrangements, the tow operator patrols the private parking lots and tows cars that the towing company determines are parked in violation of the parking rules. The practice of patrol towing violates California Vehicle Code section 22658(*l*)(1), which requires that towing companies obtain written authorization from the property owner or his agent every time a vehicle is towed and that the owner or agent be physically present for the actual tow.

The statute provides in relevant part:

> A towing company shall not remove or commence the removal of a vehicle from private property without first obtaining written authorization from the property owner or lessee, or an employee or agent thereof, who shall be present at the time of removal. General authorization to remove or commence removal of a vehicle at the towing company's discretion shall not be delegated to a towing company or its affiliates.

Cal. Veh. Code § 22658(*l*)(1) (2004). Plaintiff-appellee John Tillison is the owner of a towing business that does patrol towing. While one of Tillison's drivers was performing a patrol tow, a police officer stopped him for violating section 22658 and instructed the driver to return the car to the place from which it had been towed. The driver refused and was placed under arrest for violating California Penal Code section 148 (resisting, delaying or obstructing an officer in the performance of his duties). Tillison brought suit in the District Court for the Southern District of California seeking damages and an injunction preventing the San Diego Police Department from enforcing several sections of the California Vehicle Code on the ground they are preempted by the FAAAA. The federal statute governs the prices, routes, or services of interstate motor carriers, and broadly preempts state and local regulation of transportation. The federal statute, however, exempts from preemption state and local regulations concerned with safety. 49 U.S.C. § 14501(c)(2)(A).

In *Tocher* we held that California Vehicle Code section 22650 (requiring general compliance with the provisions of the California Vehicle Code) and section 22658.1 (requiring towing companies to notify the property owner if a fence is cut while towing) escape preemption under the safety exception of the FAAAA because those sections are designed to ensure that only professionals perform tows and that tows do not endanger the public. 219 F.3d at 1051-52. We held that other sections of the California Vehicle Code, including sec-

tion 22658(*l*)(1), at issue here, were preempted. We said that this provision was enacted for "consumer protection rather than safety." *Id.* at 1052. Relying on *Tocher*, the district court granted the request for a temporary restraining order and the preliminary injunction.

This case then proceeded to a bench trial on Tillison's request for a permanent injunction against enforcement of section 22658(*l*)(1). At trial, the court heard testimony from several witnesses who described towing procedures in the San Diego area. The witnesses included the manager of a security company, a police officer who performed a statistical analysis of calls for service involving non-consensual tows, a police officer involved in a police project on non-consensual towing, Mr. Tillison, and the owner of a towing company that does not perform patrol towing. The district court thus looked to the practical effect of the law on towing in San Diego to find that section 22658(*l*)(1) was not a safety-related towing law, and that it was therefore preempted by the FAAAA. Consequently, in February 2003, the district court permanently enjoined the City from enforcing section 22658(*l*)(1).

The City appeals the district court's judgment granting that permanent injunction.

## DISCUSSION

[1] Section 14501(c)(1) of the FAAAA states: "a State [or] political subdivision of a State . . . may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of any motor carrier . . . with respect to the transportation of property." 49 U.S.C. § 14501(c)(1). The parties concede that this federal law generally preempts the state and local regulation of towing prices, routes, and services. The Act contains an express exception, however, for motor vehicle safety. Section 14501(c)(2)(A) ("the safety exception") provides that the FAAAA "shall not restrict the safety regulatory authority of

a State with respect to motor vehicles." Consequently, the question in this case is whether California Vehicle Code section 22658(*l*)(1) falls within this safety exception and thus is entitled to be enforced according to its terms without preemption by the FAAAA.

The district court focused on the practical effect of the statute as enforced in San Diego, relying on testimony of the local witnesses. The court properly observed that without great explanation, our opinion in *Tocher* had held that section 22658(*l*) was intended to further consumer protection rather than safety, and thus did not fall within the safety exception. *See* 219 F.3d at 1052. The district court also recognized that the California Court of Appeals in *People ex rel. Renne v. Servantes*, 86 Cal. App. 4th 1081, 1090-92 (2001), had subsequently rejected *Tocher* and held that section 22658(*l*) did fall within the safety exception. The district court also noted that the state court had given little more explanation as to why the statute fell within the safety exception than had the Ninth Circuit in holding that it did not.

Without precedent that gave any coherent guidance, the district court focused on the evidence in holding that the practical effect of the statute's enforcement in San Diego had not, in fact, increased safety. The district court therefore held that the state statute was outside the safety exception of federal preemption and enjoined enforcement of the state statute.

**[2]** The difficulty with this factual approach, focusing on the actual effect of the statute in San Diego, is that we are concerned with the purpose of a statute intended to apply statewide. Such a statute cannot be subject to federal preemption in one area of the state but not in another depending on its practical effects. The focus of the safety exception to preemption must be on the legislative intent and whether the legislature was acting out of safety concerns.

**[3]** There is little caselaw discussing the limits of the safety exception to federal preemption. Much of the litigation over

FAAAA has been about whether the safety exception could be applied to regulations adopted by municipalities in addition to statutes adopted by state legislatures. *See, e.g.*, *City of Columbus v. Ours Garage & Wrecker Serv., Inc.*, 536 U.S. 424 (2002); *Ace Auto Body & Towing, Ltd. v. City of New York*, 171 F.3d 765 (2d Cir. 1999); *R. Mayer of Atlanta, Inc. v. City of Atlanta*, 158 F.3d 538 (11th Cir. 1998), *abrogated by Ours Garage*, 536 U.S. 424 (2002). In *Ours Garage*, the Supreme Court determined that safety-related towing laws passed by municipalities may fall within the safety exception to the FAAAA, so long as they are "genuinely responsive to safety concerns." 536 U.S. at 442. Thus, the Supreme Court tells us that our focus in a preemption case like this one is whether the purpose and intent of the body passing the law at issue, whether state or municipality, was truly safety. The Supreme Court also made clear that the "narrowest possible construction" of the safety exception is "surely resistible." 536 U.S. at 441. The exception "do[es] not necessarily conflict" with the FAAAA's preemption rule. *Id.* It instead "seeks to save from preemption state power 'in a field which the States have traditionally occupied.' " *Id.* at 438 (quoting *Medtronic, Inc. v. Lohr*, 518 U.S. 470, 485 (1996)).

**[4]** Here, where we are dealing with a provision enacted by the California legislature, we look to that body's intent. *See Galactic Towing, Inc. v. City of Miami Beach*, 341 F.3d 1249, 1253 (11th Cir. 2003) (per curiam); *Cole v. City of Dallas*, 314 F.3d 730, 734-35 (5th Cir. 2002) (per curiam); *Ace Auto Body*, 171 F.3d at 774. In that regard, we now have at least some authoritative indication of legislative purpose not available to the district court. Responding to the district court's decision in this case, the California legislature amended the statute to clarify that it is safety-related. In August of 2003, California passed AB 792, amending section 22658 by adding subsection (m)(2) which states:

> It is the intent of the Legislature in the adoption of subdivision (*l*) to further the safety of the general

public by ensuring that a private property owner or lessee has provided his or her authorization for the removal of a vehicle from his or her property, thereby promoting the safety of those persons involved in ordering the removal of the vehicle as well as those persons removing, towing, and storing the vehicle.

Cal. Veh. Code § 22658(m)(2). Thus, the legislature has now directly and clearly delineated the safety purpose of the provision at issue. Although not dispositive of the question of federal law before us, the state legislature's expression of intent and purpose is relevant to our inquiry. *See Coeur D'Alene Tribe of Idaho v. Hammond*, 384 F.3d 674, 682-83.

**[5]** The California Court of Appeals' earlier decision in *Servantes* is helpful. *See* 86 Cal. App. 4th at 1090-92. The court in *Servantes* expressly referenced its previous decision in *Berry v. Hannigan*, 7 Cal. App. 4th 587, 591 (1992). In *Berry*, the court had observed that " '[l]egislation which tends to assist members of the public from involuntarily losing the use of their vehicles and which tends to expedite recovery of their vehicles once they have been removed fairly and clearly promotes the safety and welfare of the public.' " *Id.* (quoting *Crane Towing, Inc. v. Gorton*, 570 P.2d 428, 434 (Wash. 1977)). Moreover, the court in *Servantes* correctly noted that, by requiring that vehicles be removed only upon "proper authorization," subsection (*l*)(1) would "protect vehicle owners and the public at large from both towing mistakes and outright theft of vehicles from private property." 86 Cal. App. 4th at 1090.

**[6]** Further, other circuits which have addressed similar enactments have concluded that they are sufficiently safety-related to come within the exception to federal preemption. *See Galactic Towing*, 341 F.3d at 1252-53; *Cole*, 314 F.3d at 734-35; *Ace Auto Body*, 171 F.3d at 774-77; *see also Tow Operators Working To Protect Their Right To Operate on the*

*Streets of Kansas City v. City of Kansas City*, 338 F.3d 873, 876 (8th Cir. 2003). In *Galactic Towing*, the Eleventh Circuit affirmed the determination of the District Court for the Southern District of Florida that Miami Beach towing ordinances were safety-related. In reaching that conclusion, the district court pointed to one of the ordinances, similar to the California statute, as responsive to safety concerns: a "representative example which clearly reflects that the towing ordinance meets Miami Beach's safety concerns, not economic concerns is . . . [the] regulation [that] prohibits the removal and towing of a vehicle from private property without the expressed instruction and written authorization from the property owner."[1] *Galactic Towing, Inc. v. City of Miami Beach*, 274 F. Supp. 2d 1315, 1319 n. 1 (S.D. Fla. 2002), *aff'd*, 341 F.3d at 1253. The district court went on to explain that the provision was safety-related because "the ordinance protects both the vehicle owner and the public from towing mistakes, which may lead to dangerous confrontations, to the owner and his or her family being stranded at a dangerous time and location, to false vehicle theft reports, which waste law enforcement's limited resources, to unnecessary hazardous tows and to simi-

---

[1]The Miami Beach Ordinance at issue provides:

> No business enterprise issued a permit under this article shall do any of the following: Recover, tow, remove or store a vehicle except upon the express instruction and written authorization demonstrating a signature of the property owner or agent to the business enterprise requesting the tow or removal. Such agent shall not be an officer or employee of the business enterprise. . . . No such instruction shall be considered to have been given by virtue of the mere terms of any contract or agreement between a business enterprise and a property owner. . . . No such instruction shall be considered to have been given where the instruction occurs in advance of the actual unauthorized parking of the vehicle. No such instruction shall be considered to have been given where the instruction is general in nature and unrelated to specific, individual and identifiable vehicles which are already unauthorizedly parked.

Miami Beach, Fla. Code § 106-268 (1964).

larly unsafe circumstances. The ordinance also protects against theft of vehicles from private property." *Id.* The California legislature agrees. We now agree as well.

**[7]** For the foregoing reasons, including material statutory authority not available at the time of the district court decision, we conclude that the statute is not preempted; it is safety-related and comes within the safety exception to federal preemption.

**[8]** We therefore vacate the district court's injunction and remand for entry of judgment in favor of the City of San Diego and other defendants.

VACATED AND REMANDED for entry of judgment in favor of the defendants.