**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JOHN TILLISON, dba West Coast
Towing Services,
            *Plaintiff-Appellant,*

            v.

CHRISTINE GREGOIRE, in her official
capacity as Governor of the State
of Washington; Rob McKenna, in
his official capacity as Attorney
General for the State of
Washington,
            *Defendants-Appellees.*

No. 04-35539

D.C. No.
CV-03-05514-FDB

OPINION

Appeal from the United States District Court
for the Western District of Washington
Franklin D. Burgess, District Judge, Presiding*

Submitted June 14, 2005**
Seattle, Washington

Filed September 19, 2005

Before: Harry Pregerson, Susan P. Graber, and
Ronald M. Gould, Circuit Judges.

Opinion by Judge Pregerson

---

*Pursuant to Fed. R. App. P. 43(c)(2), Christine Gregoire is substituted for her predecessor, Gary Locke, as Governor of the State of Washington, and Rob McKenna is substituted for his predecessor, Christine Gregoire, as Attorney General for the State of Washington.

**This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

**COUNSEL**

Todd J. Hilts, San Diego, California, for the plaintiff-appellant.

Diane L. McDaniel, Assistant Attorney General, Olympia, Washington, for the defendants-appellees.

**OPINION**

PREGERSON, Circuit Judge:

Appellant-Plaintiff John Tillison d/b/a West Coast Towing Services ("Tillison") challenges Revised Code of Washington section 46.55.080(2), which restricts patrol and non-consensual towing by: (1) requiring a towing company to obtain written authorization from a private property owner before towing a vehicle from the private property, or from a public official before towing a vehicle from public property, without the vehicle owner's permission; (2) requiring the private property owner or the public official be present for the tow; and (3) prohibiting the towing company from serving as an agent for the private property owner or the public official. Tillison claims that Revised Code of Washington section 46.55.080(2) is preempted by the Federal Aviation Administration Authorization Act of 1994 ("FAAAA"), Pub. L. No. 103-305, § 601(c), 108 Stat. 1569, 1606, 49 U.S.C. §§ 14501-14505, which governs the prices, routes, or services of motor

carriers transporting property (including tow truck operators).[1] Tillison was recently unsuccessful in a similar challenge of a similar California law regulating patrol and non-consensual towing. *See Tillison v. City of San Diego*, 406 F.3d 1126 (9th Cir. 2005).

Tillison timely appealed the district court's order granting Washington State's summary judgment motion and dismissing his cause of action. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

## I. FACTS AND PROCEDURAL HISTORY

Tillison is a "registered tow truck operator" licensed by the Washington State Department of Licensing. *See* Wash. Rev. Code § 46.55.010 (1999) *amended by* 2005 Wash. Legis. Serv. 88 (West) (" 'Registered tow truck operator' or 'operator' means any person who engages in the impounding, transporting, or storage of unauthorized vehicles or the disposal of abandoned vehicles."). If a vehicle in the State of Washington is parked in violation of certain time restrictions, the vehicle

> may be impounded by a registered tow truck operator at the direction of a law enforcement officer or other public official with jurisdiction if the vehicle is on public property, or at the direction of the property owner or an agent if it is on private property. A law enforcement officer may also direct the impoundment of a vehicle pursuant to a writ or court order.

Wash. Rev. Code § 46.55.080(1). Tillison conducts patrol and

---

[1]FAAAA was amended by § 103 of the Interstate Commerce Commission Termination Act of 1995, Pub. L. No. 104-88, 109 Stat. 803, 899 (1995), and recodified at 49 U.S.C. §§ 14501-14505. As discussed below, FAAAA was recently amended once again by § 4105 of the Safe, Accountable, Flexible, Efficient Transportation Equity Act: A Legacy for Users, H.R. 3, 109th Cong., 1st Session (2005) (enacted).

non-consensual towing of vehicles illegally parked in violation of Revised Code of Washington section 46.55.080(1). Patrol and non-consensual towing includes removing and impounding illegally parked vehicles on private property under a general authorization from the private property owner or impounding illegally parked vehicles on public property under authorization from a public official. In essence, a tow truck operator, like Tillison, acts as the agent for the private property owner or a public official and has permission to remove vehicles illegally parked on the private or public property, without first obtaining a signed authorization from the private property owner or the public official at the time and place of the tow. This practice violates Revised Code of Washington section 46.55.080(2) which requires that before an illegally parked vehicle is towed,

> [t]he person requesting a private impound or a law enforcement officer or public official requesting a public impound shall provide a signed authorization for the impound at the time and place of the impound to the registered tow truck operator before the operator may proceed with the impound. A registered tow truck operator, employee, or his or her agent may not serve as an agent of a property owner for the purposes of signing an impound authorization or, independent of the property owner, identify a vehicle for impound.[2]

---

[2]'Impound' means to take and hold a vehicle in legal custody. There are two types of impounds — public and private.

  (a) 'Public impound' means that the vehicle has been impounded at the direction of a law enforcement officer or by a public official having jurisdiction over the public property upon which the vehicle was located.

  (b) 'Private impound' means that the vehicle has been impounded at the direction of a person having control or possession of the private property upon which the vehicle was located.

Wash. Rev. Code § 46.55.010(3).

Wash. Rev. Code § 46.55.080(2).

On September 22, 2003, Tillison sought declaratory relief under 28 U.S.C. § 2201 in United States District Court for the Western District of Washington. In his complaint, Tillison initially challenged Revised Code of Washington sections 46.55.080(2), 46.55.120(1)(e) and (2)(a). Tillison claimed these three provisions were preempted by section 14501(c)(1) of FAAAA, which provides that "a State [or] political subdivision of a State . . . may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of any motor carrier . . . with respect to the transportation of property." 49 U.S.C. § 14501(c)(1). According to Tillison, section 14501(c)(1) of FAAAA preempted Washington State's regulation of tow truck operators' prices, routes, or services.

While Tillison's suit against the State was underway, the district court stayed the action, pending resolution of *Independent Towers of Washington v. Washington*, 350 F.3d 925 (9th Cir. 2003) ("*ITOW*"), by our court. *ITOW* was a class action brought on behalf of all towing companies in Washington against the State.

In the meantime, the State received numerous complaints concerning Tillison's towing of vehicles. Because of these complaints, state and municipal law enforcement officers conducted an investigation of Tillison's towing practices. The results of the investigations were submitted to the Washington State Department of Licensing.

After our mandate issued in *ITOW*, the district court in the instant case vacated its stay on February 26, 2004.[3] On the same day, the Department of Licensing served Tillison with

---

[3]Although in *ITOW* we analyzed, *inter alia*, regulations related to "non-consensual towing," we did not directly address whether Revised Code of Washington section 46.55.080(2) was preempted by FAAAA.

a "Statement of Charges" and a "Temporary Order to Cease and Desist." The Department of Licensing ordered Tillison to stop violating Revised Code of Washington sections 46.55.035(1)(c) and 46.55.080(2). *See* Wash. Rev. Code § 46.55.035(1)(c) (prohibiting registered tow truck operators from having a "financial, equitable, or ownership interest" in a company which acts as an agent of a property owner for the purpose of signing impound authorizations); Wash. Rev. Code § 46.55.080(2) (requiring registered tow truck operators to obtain written authorization from private property owners or public officials before towing a vehicle from private or public property).

Tillison moved the district court for a temporary restraining order and/or preliminary injunction to enjoin the State from further investigating his business and from enforcing Revised Code of Washington sections 46.55.080(2), 46.55.120(1)(e) and (2)(a). On March 5, 2004, the district court denied Tillison's motion for a temporary restraining order. Nearly a month later, the court denied Tillison's motion for a preliminary injunction. Tillison did not appeal.

Shortly thereafter, the State moved for summary judgment against Tillison. According to the State, Revised Code of Washington sections 46.55.080(2), 46.55.120(1)(e) and (2)(a) were not preempted by FAAAA because the provisions: (1) were enacted and enforced pursuant to the safety regulatory authority of Washington State, (2) were not related to "route" or "service," or (3) were related to the price of non-consensual towing. The district court agreed and granted summary judgment in favor of the State. The court entered final judgment against Tillison on June 11, 2004.

In the current appeal, Tillison only challenges Revised Code of Washington section 46.55.080(2) and has conceded that sections 46.55.120(1)(e) and (2)(a) are not preempted by FAAAA. Tillison now appeals the district court's order granting summary judgment in favor of the State, and argues that

the district court erred in ruling that section 46.55.080(2) was not preempted by FAAAA.

## II. ANALYSIS

### A. Standard of Review

We review a district court's decision regarding federal pre-emption *de novo. See Californians for Safe & Competitive Dump Truck Transp. v. Mendonca*, 152 F.3d 1184, 1186 (9th Cir. 1998); *Alexander v. Glickman*, 139 F.3d 733, 735 (9th Cir. 1998). We also review the district court's interpretation and construction of FAAAA *de novo. See AGG Enters. v. Washington County*, 281 F.3d 1324, 1327 (9th Cir. 2002).

### B. Revised Code of Washington Section 46.55.080(2) Is Not Preempted by FAAAA

[1] Preemption analysis begins with the "presumption that Congress does not intend to supplant state law." *N.Y. State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 654 (1995). Although Congress clearly intended FAAAA to preempt some state regulations of motor carriers who transport property, the scope of the pre-emption must be tempered by the "presumption against the pre-emption of state police power regulations." *Medtronic, Inc. v. Lohr*, 518 U.S. 470, 485 (1996) (internal quotation marks omitted).

[2] Under FAAAA, a state or local law is preempted if: (1) the law is related to a price, route, or service of any motor carrier with respect to the transportation of property, and (2) the law does not fall under one of FAAAA's regulatory exceptions. *See* 49 U.S.C. § 14501(c).

[3] A recent change in the law explicitly provides that States are permitted to regulate non-consensual towing of vehicles illegally parked on private property. Specifically, on

August 10, 2005, two months after this case was submitted on the briefs, the Safe, Accountable, Flexible, Efficient Transportation Equity Act: A Legacy for Users ("SAFETEA-LU"), was signed into law. *See* Pub. L. No. 109-59, 119 Stat. 1144 (2005) (enacted). In addition to funding $286.4 billion over six years for highway, transit, bikeway, recreational, safety, and research programs, the 1,752-page bill added another regulatory exception to section 14501(c) of FAAAA so that FAAAA now explicitly permits States to regulate non-consensual towing of vehicles parked on private property.[4] The amendment provides:

> Nothing in [section 14501(c) of FAAAA] shall be construed to prevent a State from requiring that, in the case of a motor vehicle to be towed from *private property* without the consent of the owner or operator of the vehicle, the person towing the vehicle have prior written authorization from the property owner or lessee (or an employee or agent thereof) or that such owner or lessee (or an employee or agent thereof) be present at the time the vehicle is towed from the property, or both.

---

[4]SAFETEA-LU's amendment to FAAAA is silent as to whether Congress intended for the newly added regulatory exception to section 14501(c) of FAAAA to apply retroactively. Absent clear Congressional intent, a presumption exists that a statute does not operate retroactively. Retroactive application of a statute is improper if such application "would impair rights a party possessed when [the party] acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed." *Landgraf v. USI Film Prods.*, 511 U.S. 244, 280 (1994). None of these considerations applies here. In this case, SAFETEA-LU's amendment to FAAAA does not impair any rights Tillison possessed when he acted in the past to tow vehicles on private property because under Washington law, he never had that right. Nor did the provision increase Tillison's liability for past conduct, or impose new duties on Tillison. Thus, we conclude that SAFETEA-LU's amendment to FAAAA applies to this appeal retroactively.

SAFETEA-LU § 4105, 119 Stat. at 1717 (emphasis added). Thus, for vehicles parked on private property, this new regulatory exception to section 14501(c) of FAAAA makes it clear that Revised Code of Washington section 46.55.080(2) is not preempted as to vehicles parked on private property.

Bear in mind that this new regulatory exception covers *private* property and not *public* property. Thus, we must still determine whether FAAAA preempts Washington State's regulation of patrol and non-consensual towing of a vehicle on public property. *See* Wash. Rev. Code § 46.55.080(2) ("[A] law enforcement officer or public official requesting a public impound shall provide a signed authorization for the impound at the time and place of the impound to the registered tow truck operator before the operator may proceed with the impound."). Even though Tillison engages in patrol and non-consensual towing on private property, Tillison nonetheless challenges Revised Code of Washington section 46.55.080(2) in its entirety. His argument that section 46.55.080(2) is preempted by FAAAA is directed to both private impounds conducted at the request of private property owners and public impounds conducted at the request of public officials. We now turn to the question whether Washington State's regulation of patrol and non-consensual towing on public property is preempted by FAAAA. As discussed below, we conclude that such regulation is not preempted.

### 1. Revised Code of Washington Section 46.55.080(2) Is Not "Related To" Prices, Routes or Services of a Motor Carrier

For a state or local law to be preempted by section 14501(c) of FAAAA, that law must first be related to the price, route, or service of a motor carrier that transports property. "A state or local regulation is related to the price, route, or service of a motor carrier if the regulation has more than an indirect, remote, or tenuous effect on the motor carrier's prices, routes, or services." *Tocher v. City of Santa Ana*, 219

F.3d 1040, 1047 (9th Cir. 2000), *abrogated in part by City of Columbus v. Ours Garage & Wrecker Serv., Inc.*, 536 U.S. 424 (2002) ("*Ours Garage*").

As noted above, Revised Code of Washington section 46.55.080(2) requires a public official requesting a public impound to provide a signed authorization for the impound to a registered tow truck operator at the time and place of the impound before the operator may proceed with the impound. Section 46.55.080(2) also prohibits a registered tow truck operator to serve as an agent of a public official for the purposes of signing an impound authorization or, independent of the public official, identify a vehicle for impound.

In his opening brief, Tillison concedes that "section 46.55.080(2) does not prohibit towing services expressly." But Tillison argues that by requiring express authorization for each tow, the section effectively prohibits patrol towing services. According to Tillison, the express authorization requirement "increases the amount of time it takes to tow an illegally parked car" and "closes off an entire market of consumers who desire 'patrol towing services.' " We disagree. Overall, the restrictions do not close off the market for non-consensual or patrol towing services.

**[4]** First, the restrictions do not directly regulate the prices a tow truck operator like Tillison may charge. Even if section 46.55.080(2) did impact the prices operators charge for non-consensual towing, the regulation is saved from preemption by the exception in FAAAA which allows such regulation of prices:

> [Preemption by section 14501(c)(1) of FAAAA] does not apply to the authority of a State . . . to enact or enforce a law, regulation, or other provision *relating to the price* of for-hire motor vehicle transportation by a tow truck, if such transportation is

> performed without the prior consent or authorization of the owner or operator of the motor vehicle.

49 U.S.C. § 14501(c)(2)(C) (emphasis added).

[5] Next, Washington State's restrictions do not hinder the routes a tow truck operator may take. So long as a public official authorizes a tow, a tow truck operator may take any route to get to the public property or to an impound yard. Simply put, the regulations merely require that a public official explicitly authorize towing of an illegally parked vehicle on public property.

[6] Finally, we must consider whether section 46.55.080(2) relates to the "service of any motor carrier . . . with respect to the transportation of property." 49 U.S.C. § 14501(c)(1). Although a closer call, we nonetheless find that prohibiting tow truck operators from acting as agents for, or identifying vehicles to tow on behalf of, public officials only tangentially affects the service of the tow truck operators. At worst, section 46.55.080(2) makes it inconvenient for the public officials to request a tow. But convenience of the public official is not "related to" the services provided by a towing company and should not compel preemption of Washington's patrol and non-consensual towing restrictions. *Cf. Charas v. Trans World Airlines, Inc.*, 160 F.3d 1259, 1266 (9th Cir. 1998) (en banc) ("To interpret 'service' more broadly is to ignore the context of its use; and, it effectively would result in the preemption of virtually everything an airline does."). Moreover, Washington's restriction on patrol and non-consensual towing does not "frustrate[ ] the purpose of deregulation [of motor carrier transportation of property] by *acutely* interfering with the forces of competition." *Californians for Safe & Competitive Dump Truck Transp.*, 152 F.3d at 1189.

[7] Accordingly, we hold that Revised Code of Washington section 46.55.080(2) is not related to the price a towing company may charge or the route a towing company may take. In

addition, we hold that section 46.55.080(2) is not preempted by FAAAA because it only has an "indirect, remote, or tenuous effect" on the services a towing company may provide. *See id.* at 1188.

### 2. Revised Code of Washington Section 46.55.080(2) Is a Motor Vehicle Safety-Related Regulation

Even if we were to agree with Tillison that section 46.55.080(2) regulates tow truck operators' services, we hold that section 46.55.080(2) was enacted under the motor vehicle safety-related regulatory authority of Washington State, falls within the motor safety-related exception of FAAAA, and is not preempted by FAAAA. Specifically, FAAAA's motor vehicle safety-related exception states that

> [section 14501(c)(1) of FAAAA] shall not restrict the safety regulatory authority of a State with respect to motor vehicles, the authority of a State to impose highway route controls or limitations based on the size or weight of the motor vehicle or the hazardous nature of the cargo, or the authority of a State to regulate motor carriers with regard to minimum amounts of financial responsibility relating to insurance requirements and self-insurance authorization[.]

49 U.S.C. § 14501(c)(2)(A).

**[8]** Safety-related towing laws passed by States may fall within the safety exception of FAAAA, so long as they are "genuinely responsive to safety concerns." *Ours Garage*, 536 U.S. at 442. "The focus of the safety exception to preemption must be on the legislative intent and whether the legislature was acting out of safety concerns." *Tillison*, 406 F.3d at 1129. Unlike other state and municipal enactments regulating patrol and non-consensual towing, Washington's statute does not expressly declare a public safety purpose. For example, con-

cerning non-consensual towing, the California legislature stated:

> It is the intent of the Legislature in the adoption of subdivision (l) to further the *safety of the general public* by ensuring that a private property owner or lessee has provided his or her authorization for the removal of a vehicle from his or her property, thereby promoting the safety of those persons involved in ordering the removal of the vehicle as well as those persons removing, towing, and storing the vehicle.

Cal. Veh. Code § 22658(m)(2) (emphasis added). Similarly, the Miami City Code expressly states that the City's Commission "finds and determines that the unauthorized parking of vehicles that cannot be removed constitutes a public nuisance and a public emergency effecting the property, *public safety* and welfare of the citizens and residents of the city." Miami Beach Code § 106-257 (emphasis added). Finally, according to the Dallas City Council,

> the proposed *safety-related* regulations for nonconsensual tows would promote the *public safety* of both visitors and residents of the city of Dallas by contributing to a decrease in the potential for confrontation and violence between vehicle owners and the persons who tow their vehicles; a decrease in bodily injury and property damage caused by faulty tow truck vehicles and equipment or by incompetent, negligent, and criminal actions of tow truck operators and drivers . . . .

City of Dallas Code ch. 48A, § 48A-13(a)(7)(A)(xiii) (emphasis added).

[9] Cases that have addressed California Vehicle Code section 22658(l), Miami Beach Code section 106-257, and Dallas

Code section 48A-13(a)(7)(A)(xiii), have all held that the restrictions on non-consensual towing were sufficiently safety-related to fall within FAAAA's exception to federal preemption. *See Cole v. City of Dallas*, 314 F.3d 730, 735 (5th Cir. 2002) (per curiam) ("The disputed regulation, Section 48A-13(a)(7)(A)(xiii), is a motor vehicle safety regulation under 49 U.S.C. § 14501(c)(2)(A)."); *Galactic Towing, Inc. v. City of Miami Beach*, 274 F. Supp. 2d 1315, 1323 (S.D. Fla. 2002), *aff'd*, 341 F.3d 1249 (11th Cir. 2003) ("[T]he Court concludes that those provisions relate to and promote Miami Beach's legitimate safety concerns, not its economic concerns."); *People ex rel. Renne v. Servantes*, 103 Cal. Rptr. 2d 870, 880 (Ct. App. 2001) ("In summary, we conclude that when, as here, the state has delegated authority to local authorities, the municipal regulations on safety issues fall within the exception of the FAAA Act and are not preempted." (citations omitted)); *see also Tow Operators Working to Protect Their Right to Operate on the Streets of Kansas City v. City of Kansas City*, 338 F.3d 873, 876 (8th Cir. 2003) ("On this record, particularly given the presumption against federal preemption of state police powers, the district court properly accepted Kansas City's undisputed, and facially plausible, assertion of a genuine safety purpose and concluded that the Ordinance is not preempted by § 14501(c)(1)." (citation omitted)). Although the legislative history of Revised Code of Washington section 46.55.080(2) does not expressly state a public safety purpose, the 1985, 1987, and 1989 Washington State Senate and House Reports concerning regulations of tow truck operators emphasized that there was a range of complaints and concerns voiced by the public that required a thorough review of the existing statutes governing towing and impoundment of motor vehicles. Furthermore, on March 19, 1985, the Washington House Committee on Transportation held a hearing that made it clear that legislation regulating the tow truck industry was to provide consumer protection without unduly restricting the tow truck industry. Specifically, the Committee Chairman stated:

> It was decided by the [Legislative Transportation Committee] that a thorough study of the entire

> impounding process would be in order. That began in 1983 — in July. We created what was called the Towing Emphasis Team "TET" bringing the LTC, the State Patrol, the Department of Licensing [("DOL")] together to effect a study to prepare legislation. *The intent in preparing that legislation at that time were to resolve the present private and public impound situation, to provide consumer protection — obviously, that is something we are all very concerned with — and to establish minimum service and equipment standards without restricting industry in the business.* Over the last two years, there has been tremendous amount of effort in trying to come up with a workable solution. Something that obviously was not very easy . . . . The main point is a lot of effort has been going into this bill on behalf of the members of the legislature, the State Patrol, the DOL, and the industry . . . trying to find something that will be good for the people of the State of Washington.

Audio tape: State of Washington House Transportation Committee Hearing, Opening Statements of the Committee Chairman (Mar. 19, 1985) (emphasis added) (copy available at United States Court of Appeals Library, Pasadena). In sum, Revised Code of Washington section 46.55.080(2) was adopted in 1989 after Washington State's Legislative Transportation Committee completed its 1983 study, after two years of lengthy and multiple public hearings, and after the Washington State Legislature received input from the public, the law enforcement community, and the tow truck industry.

**[10]** Despite the fact that Washington's legislature did not expressly state a public safety purpose for enacting legislation that regulated patrol and non-consensual towing, Revised Code of Washington section 46.55.080(2) is practically identical in wording to other patrol and non-consensual towing regulations held to be safety-related. For example, the Califor-

nia statute on patrol and non-consensual towing is similar to Washington's statute and provides, in relevant part:

> A towing company shall not remove or commence the removal of a vehicle from private property without first obtaining written authorization from the property owner or lessee, or an employee or agent thereof, who shall be present at the time of removal. General authorization to remove or commence removal of a vehicle at the towing company's discretion shall not be delegated to a towing company or its affiliates . . . .

Cal. Veh. Code § 22658(*l*)(1) (2004); *see also Galactic Towing*, 274 F. Supp. 2d at 1317-18 (discussing section 106-268(a)(1) of the Miami Beach towing ordinance, which does not allow tow truck operators to "[r]ecover, tow, remove or store a vehicle except upon the express instruction and *written authorization* demonstrating a signature of the property owner or agent to the business enterprise requesting the tow or removal"). As noted above, the language in the California, Dallas, and Miami Beach regulations is similar to the Washington statute. And those ordinances were all held by courts to be passed for the public's safety. Thus, it is reasonable to conclude that the Washington State Legislature had public safety in mind when it passed Revised Code of Washington section 46.55.080(2).

In fact, Tillison acknowledges in his opening brief that "when a vehicle owner unexpectedly and involuntarily ha[s] their vehicle towed[,] their safety might be put at risk." In addition, Tillison states that Washington's prohibition of patrol and non-consensual towing is similar to the California statute at issue in our recent decision in *Tocher*. However, Tillison argues that because in *Tocher* our court concluded that the California statute was preempted, we should hold that the similar Washington statute is also preempted. *See Tocher,* 219 F.3d at 1052.

But we recently reconsidered our holding in *Tocher* for the following reasons: (1) the Supreme Court's decision in *Ours Garage* broadly interpreted the safety exception to FAAAA and abrogated the *Tocher* decision; (2) the California Court of Appeals in *Servantes*, 103 Cal. Rptr. 2d at 877-78, rejected *Tocher* and held that California's section 22658(l) *did* fall within FAAAA's safety exception; and (3) the California legislature, after *Tocher* was decided, amended California Vehicle Code section 22658 to clearly state that section 22658(l) was adopted for safety purposes. *See Tillison*, 406 F.3d at 1127 ("Recent developments, including the Supreme Court's providing a broader interpretation of the safety exception to the FAAAA and the California legislature's amending section 22658, persuade us to reconsider *Tocher*."). Given these developments that undercut the holding in *Tocher*, our court, in *Tillison*, concluded that the California statute was safety-related and, therefore, free from federal preemption. *See id.* at 1131 ("For the foregoing reasons, including material statutory authority not available at the time of the district court decision, we conclude that the statute is not preempted; it is safety-related and comes within the safety exception to federal preemption."). Thus, our opinion in *Tocher* no longer supports Tillison's arguments that Revised Code of Washington section 46.55.080(2) is preempted by FAAAA.

Finally, Tillison argues that Washington's Revised Code section 46.55.080(2) is not a safety-related towing regulation in light of the Washington State Supreme Court's decision in *Crane Towing Inc. v. Gorton*, 570 P.2d 428 (Wash. 1977). Whether FAAAA's safety-related exception applies here, however, is a question of federal law, not state law. We need not defer to a state entity's characterization of a state law purpose when we interpret federal law. *Cf. Coeur D'Alene Tribe of Idaho v. Hammond*, 384 F.3d 674, 682-83 (9th Cir. 2004) (rejecting the argument that "if the state legislative intent is clear, we must without more defer to the state legislature's interpretation of its own statute, and the analysis of incidence ends there"), *cert. denied*, 125 S. Ct. 1397 (2005). Nonethe-

less, the Washington State Supreme Court's reasoning in *Crane* is helpful to our inquiry in this case.

In *Crane*, the Washington Supreme Court upheld the constitutionality of the predecessor to Revised Code of Washington chapter 46.55. *See Crane*, 570 P.2d at 430. The court stated that the regulation of towing of vehicles from private property "tends to promote the safety and welfare of the people," *id.* at 433, and held that legislation is considered safety-related if it prevents involuntary tows and expedites recovery of towed vehicles, *see id.* at 434 ("Legislation which tends to assist members of the public from involuntarily losing the use of their vehicles and which tends to expedite recovery of their vehicles once they have been removed fairly and clearly promotes the safety and welfare of the public."). According to Tillison, section 46.55.080(2) neither prevents involuntary tows nor expedites recovery of towed vehicles and therefore cannot be considered safety-related legislation under *Crane*.

**[11]** Contrary to Tillison's arguments, section 46.55.080(2) does prevent involuntary tows and towing mistakes, reduces confrontations, and expedites vehicle recovery regardless whether the vehicle is parked on private or public property. First, section 46.55.080(2) prevents involuntary towing and towing mistakes by ensuring that removal only occurs after the tow truck operator receives proper written authorization from a public official. This not only serves to protect vehicle owners and the public at large from towing mistakes, it also reduces false vehicle theft reports. *See, e.g.*, *Galactic Towing*, 274 F. Supp. 2d at 1319 n.1 (stating that requiring proper authorization for non-consensual tows (1) protects the vehicle owner and the public from towing mistakes, which may lead to dangerous confrontations; (2) protects the vehicle owner from being stranded at a dangerous time and location; and (3) discourages filing of false vehicle theft reports that waste law enforcement's limited resources). Second, requiring written authorization from the public official at the time of towing expedites vehicle recovery because the public official will

know of the tow and can inform the vehicle owner accordingly. In addition, requiring a public official to complete a Washington State Department of Licensing "Authorization to Impound or Tow and Vehicle Inventory Form" provides specific information that could help expedite vehicle recovery. For example, upon receipt of a copy of the authorization form, the vehicle owner will not need to contact the police or waste time searching for the missing vehicle. Also, any damage to the vehicle is marked on the authorization form by the tow truck operator or public official requesting the tow before the vehicle is towed. This allows the towing company to more quickly release the impounded vehicle without having to prove to the vehicle owner that the vehicle was not damaged during the tow. All in all, even though section 46.55.080(2) does not explicitly state that it was enacted for safety purposes, in light of the above discussion, we conclude that Washington State's regulation of patrol and non-consensual towing on public property is not preempted by FAAAA because that section falls under FAAAA's safety-related exception.

"[I]t must be kept in mind that a broad discretion is vested in the legislature to determine what the public demands and what measures are necessary to protect the public interest." *Crane*, 570 P.2d at 434. That is what the Washington State Legislature did when it enacted laws that regulated patrol and non-consensual towing.

## III. CONCLUSION

The historic police powers of the States are not to be superseded by a Federal Act "unless that was the clear and manifest purpose of Congress." *N.Y. State Conference of Blue Cross & Blue Shield Plans*, 514 U.S. at 655 (internal quotation marks omitted). Accordingly, we hold that Revised Code of Washington section 46.55.080(2) is not preempted by FAAAA and **AFFIRM** the district court's orders granting the State's motion to dismiss and entering judgment against Tillison.

**AFFIRMED.**