Affirmed in Part, Reversed and Remanded in Part, and Memorandum Opinion
filed August 5, 2008








Affirmed in
Part, Reversed and Remanded in
Part, and Memorandum Opinion filed August 5, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00473-CV

____________

 

LEE F. BURROWS, Appellant

 

V.

 

JOHN ALLEN DARING, JR. D/B/A BINGLE
AUTO STORAGE; NORTH TOWING & PARKING MAINTENANCE, INC.; JAMES MELVIN; AND
JAMES W. MELVIN, JR., Appellees

 



 

On Appeal from the 334th
District Court

Harris County, Texas

Trial Court Cause No. 2005-03140

 



 

M E M O R A N D U M   O P I N I O N

This is an appeal from the granting of a summary judgment
in favor of the appellees in a conversion and improper-towing case.  We affirm
in part and reverse and remand in part.

 

.








Factual and procedural background

Appellant, Lee F. Burrows, was a resident of the Jade
Forest Apartments.  On January 18, 2003, appellee James Melvin,[1]
as the owner and operator of North Towing & Parking Maintenance, Inc.
(collectively AMelvin@), had a contract with the Jade Forest
Apartments to tow unauthorized vehicles from the apartment complex.  On or
about January 18, 2003, Eve Jordan, the manager of the apartment complex,
authorized Melvin to tow appellant=s 1969 AMC Rebel
vehicle from the complex. According to Melvin and Jordan, Melvin towed
appellant=s vehicle because its state-inspection sticker had
expired and it was not in working condition. 

After removing appellant=s vehicle from the
apartment complex, Melvin towed it to the vehicle storage facility operated by
John Allen Daring, Jr. d/b/a Bingle Auto Storage (ADaring@) for storage and
collection of the towing and storage fees.  Daring sent appellant notice his
vehicle had been towed, informed appellant the AMC Rebel was stored at his
storage facility, and also informed appellant of the fees he had to pay to
retrieve the AMC Rebel. 








Rather than paying Daring the accumulated fees, appellant made
written demand for the return of his vehicle.  When appellees refused to
release the vehicle until the fees had been paid, appellant filed suit
asserting causes of action for conversion, violation of section 684.084 of the
Texas Transportation Code, and breach of an alleged vehicle rental contract.[2] 
Appellees answered the suit and Daring filed a counterclaim seeking the
outstanding fees allegedly owed by appellant for the towing and storage of his
vehicle.  In addition to a general denial, appellees asserted the affirmative
defense of preemption.

Appellees eventually filed a hybrid motion for partial
no-evidence summary judgment and partial traditional summary judgment arguing
they were entitled to summary judgment on each of appellant=s causes of
action.  Initially, appellees moved for no-evidence summary judgment on
appellant=s breach-of-rental-contract cause of action. 
Asserting multiple grounds, appellees also moved for traditional summary
judgment on appellant=s breach-of-rental-contract claim, the
Transportation Code section 684.084 claim, and the conversion claim.[3] 
The trial court, without specifying the grounds, granted appellees= motion.  Daring
then non-suited his counterclaim, which disposed of all matters in controversy
between the parties.  Appellant filed a motion for new trial, which the trial
court denied.  This appeal followed.

Discussion

I.        Exactly
What Has Appellant Appealed?








Before addressing the merits of appellant=s appeal, we must
first determine what summary-judgment grounds asserted by appellees have been
challenged by appellant in this appeal. The trial court granted appellees= hybrid motion for
partial no-evidence and traditional motion for summary judgment without
specifying the specific grounds on which it was granting the motion.  In this
appeal, appellant raises three issues for appellate review.  First, appellant
contends the trial court erred when it determined appellant=s conversion and
section 684.084 causes of action were preempted by federal law.  Second,
appellant asserts the trial court erred when it granted appellees= motion for
summary judgment because there was a genuine issue of material fact whether
appellees were providing a service as defined in the preempting federal
statute.  Finally, appellant argues the trial court erred when it denied
appellant=s motion for new trial contending appellant=s conversion and
section 684.084 causes of action were not preempted.

Appellant does not challenge on appeal the trial court=s granting of appellee=s no-evidence and
traditional motion for summary judgment on appellant=s
breach-of-rental-contract action against appellees.  Accordingly, appellant has
waived any potential error, and that portion of appellees= no-evidence and
traditional motion for summary judgment is affirmed.  Jacobs v. Satterwhite,
65 S.W.3d 653, 656B57 (Tex. 2001).

Federal preemption was only one of the grounds asserted by
appellees in support of their combined motion for summary judgment.  When there
are multiple grounds for summary judgment and the order does not specify the
ground on which the summary judgment was granted, the appellant must negate all
grounds on appeal.  Lewis v. Adams, 979 S.W.2d 831, 833 (Tex. App.CHouston [14th
Dist.] 1998, no pet.).  If an appellant fails to negate each independent ground
upon which the summary judgment may have been granted, the appellate court must
uphold the summary judgment.  Id.








Appellant has not raised any issue on appeal challenging
appellees= summary-judgment argument asserting section 684.084
of the Transportation Code does not apply to Daring because he operated a
vehicle-storage facility, he did not tow appellant=s vehicle, and he
was not an operator of a parking facility.  See Tex. Transp. Code Ann. ' 684.084 (Vernon
1999) (providing a towing company or parking-facility owner is liable to the
owner of a vehicle towed in violation of the provisions of chapter 684).  Because
appellant has only challenged on appeal the preemption ground asserted by
appellees in their hybrid motion and has not challenged appellees= independent
summary-judgment ground that section 684.084 does not apply to Daring, we
affirm that portion of the trial court=s summary
judgment.  Lewis, 979 S.W.2d at 833.  Therefore, in answer to our
initial question, what has appellant appealed, we hold the only remaining
issues before us are whether the trial court properly found that federal law
has preempted appellant=s causes of action (1) for conversion
against Daring and Melvin and (2) for violations of section 684.084 of the
Transportation Code against Melvin.

II.       The
Standard of Review








The movant for a traditional summary judgment has the
burden to show there is no genuine issue of material fact and it is entitled to
judgment as a matter of law.[4]
 Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548 (Tex. 1985).  In
determining whether there is a genuine fact issue precluding summary judgment,
evidence favorable to the non-movant is taken as true and the reviewing court
makes all reasonable inferences and resolves all doubts in the non-movant=s favor.  Id.
at 548B49.  We review a
trial court=s summary judgment de novo.  Valence
Operating Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005).  A defendant is
entitled to a summary judgment on an affirmative defense if the defendant
conclusively proves all the elements of the affirmative defense.  Rhone-Poulenc,
Inc. v. Steel, 997 S.W.2d 217, 223 (Tex. 1999).  To accomplish this, the
defendant must present summary-judgment evidence that establishes each element
of the affirmative defense as a matter of law.  Ryland Group, Inc. v. Hood,
924 S.W.2d 120, 121 (Tex. 1996).  However, when reviewing a summary judgment, we
cannot read between the lines, infer or glean from the pleadings or proof any
grounds for summary judgment other than those expressly set forth before the
trial court in the motion itself.  Johnson v. Felts, 140 S.W.3d 702, 706
(Tex. App.CHouston [14th Dist.] 2004, pet. denied).  Only when
the defendant establishes its right to summary judgment does the burden shift
to the plaintiff to come forward with competent controverting evidence raising
a genuine issue of material fact.  Centeq Realty, Inc. v. Siegler, 899
S.W.2d 195, 197 (Tex. 1995).

III.      Did the
Trial Court Err When it Determined Appellant=s Causes of Action
Were Preempted?








Preemption is an affirmative defense.  Harrill v. A. J.=s Wrecker Serv.,
Inc.,
27 S.W.3d 191, 194 (Tex. App.CDallas 2000, pet. denied).  Under their
preemption defense, appellees argue section 14501(c) of the Interstate Commerce
Commission Termination Act of 1995 preempts appellant=s conversion and
section 684.084 causes of action.[5] 
See 49 U.S.C. ' 14501(c) (2000).  Under section 14501(c),
a state or local law is preempted if: (1) the law is related to the price,
route, or service of any motor carrier with respect to the transportation of
property,[6]
and (2) the law does not fall under one of the statute=s regulatory
exceptions.  Tillison
v. Gregoire, 424
F.3d 1093, 1098 (9th Cir. 2005). One of the regulatory exceptions to preemption is a
broad safety-regulation exception found in section 14501(c)(2)(A).[7] 
VRC LLC v. City of Dallas, 460 F.3d 607, 612 (5th Cir. 2006). 
Accordingly, appellees had the burden to prove as a matter of law, both
elements of the affirmative defense of preemption.  See Rhone-Poulenc, Inc.,
997 S.W.2d at 223; A. J.=s Wrecker Serv. of
Dallas, Inc. v. Salazar, 165 S.W.3d 444, 446 (Tex. App.CDallas 2005, pet.
denied) (appellant wrecker service argued on appeal the plaintiff=s conversion
claims were preempted by 49 U.S.C. 14501(c) and the conversion claim did not
fall within the safety exception to preemption).  Assuming without deciding
appellant=s conversion and section 684.084 causes of action
would be preempted by the general rule found in 49 U.S.C. 14501(c), appellees
completely failed to address, much less present summary-judgment evidence
proving, as a matter of law, the safety exception to preemption did not apply
to either appellant=s conversion cause of action or his
section 684.084 cause of action against Melvin.  Because appellees did not
conclusively prove as a matter of law all elements of their affirmative defense
of preemption, they failed to carry their summary-judgment burden and the trial
court erred when it granted appellees= hybrid motion for
summary judgment with regard to appellant=s conversion cause
of action and appellant=s section 684.084 cause of action against
Melvin.  Therefore, we sustain appellant=s first issue on
appeal to that extent.

In appellant=s two remaining
issues, he contends the trial court erred when it (1) granted appellees= hybrid motion for
partial summary judgment based on preemption because there was a genuine issue
of fact on whether appellees were rendering a service when appellant=s vehicle was towed
and (2) denied his motion for new trial on appellees= preemption
defense.  Because we have (1) determined there were unchallenged, independent
grounds not related to preemption for the trial court=s summary judgment
on appellant=s breach-of-rental-contract cause of action and
section 684.084 cause of action against Daring, and (2) reversed the summary
judgment on appellant=s remaining causes of action for
conversion against Daring and Melvin, and violations of section 684.086 by
Melvin, we need not address appellant=s remaining issues
on appeal.  Tex. R. App. P. 47.1.

 

 








Conclusion

We affirm the trial court=s summary judgment
on appellant=s breach-of-rental-contract cause of action and
section 684.084 cause of action against Daring.  We reverse the trial court=s judgment
granting appellees= summary judgment motion as to appellant=s causes of action
for conversion against Daring and Melvin and for violations of section 684.084
of the Transportation Code by Melvin and remand the case to the trial court for
further proceedings consistent with this opinion.

 

 

 

 

/s/      John S. Anderson

Justice

 

 

Judgment rendered
and Memorandum Opinion filed August 5, 2008.

Panel consists of
Justices Yates, Anderson, and Brown.

 

 









[1]  Appellant sued both James Melvin and James W.
Melvin, Jr.  Appellees state in their brief James Melvin and James W. Melvin,
Jr., are the same person.  Appellees do not cite to any part of the record on
appeal establishing this allegation.  However, because it does not impact the
resolution of this appeal, we accept, without deciding, that appellees= contention is correct and will not separately name
James W. Melvin, Jr. throughout this opinion.





[2]  Appellant initially filed two lawsuits.  The first
suit was filed against Daring in the 334th District Court.  Appellant also
filed suit against Melvin in Harris County Court at Law No. 2.  The suit against
Melvin was eventually transferred to the 334th District Court and consolidated
with the suit against Daring.





[3]  In their hybrid motion for partial summary judgment,
appellees asserted section 684.084 of the Texas Transportation Code did not
apply to Daring because he operated a vehicle storage facility, he did not tow
appellant=s vehicle, and he did not own the apartment parking
lot where appellant=s car was towed.  In addition, appellees argued
appellant=s conversion and section 684.084 causes of action were
preempted by federal law.





[4]  While appellees filed a hybrid no-evidence and
traditional motion for partial summary judgment, as discussed above, the only
issues remaining relate to grounds asserted by appellees in their  traditional
motion for summary judgment.  





[5]  Section 103 of the Interstate Commerce Commission
Termination Act of 1995 amended the Federal Aviation Administration
Authorization Act of 1994 and was codified at 49 U.S.C. ' 14501B14505.  Tillison
v. Gregoire, 424 F.3d 1093, 1096 n.1 (9th Cir. 2005).





[6]  The relevant preemption portion of the statute provides:

(c)        Motor carriers of property.--

(1)        General rule.-- Except as
provided in paragraphs (2) and (3), a State, political subdivision of a State,
or political authority of 2 or more States may not enact or enforce a law,
regulation, or other provision having the force and effect of law related to a
price, route, or service of any motor carrier (other than a carrier affiliated
with a direct air carrier covered by section 41713(b)(4)) or any motor carrier,
broker, or freight forwarder with respect to the transportation of property.

49 U.S.C. '
14501(c).





[7]  The safety exception provides in pertinent part:

(2)        Matters not
covered.--Paragraph (1)--

(A)       shall not restrict the safety
regulatory authority of a State with respect to motor vehicles.

49 U.S.C. '
14501(c)(2)(A).